MAXEDON *v.* THE STATE, on the relation of SIMPSON and Others.

In a proceeding for partition of real estate, a sale of the land was ordered, and A was appointed a commissioner, who, having given bond, and received part of the purchase money, absconded with the money. B was appointed his successor, and an action was brought on the bond, in the name of the State, on the relation of B, and of C, guardian of D and others, who were not alleged to be minors, and who were part of the persons whose land had been sold. Demurrer on the ground that B had no legal capacity to act as relator, and that the persons whose land had been sold were the only proper relators.

*Held,* that B was not a proper relator.

*Held,* also, that C was not a proper relator, even though D and others were minors.

*Held,* also, that there being no averment that D and others were minors, they must be presumed to have been adults.

*Held,* also, that the suit should have been brought on the relation of the persons whose land had been sold.

*Held,* also, that the demurrer was sufficient to present the objection, under the code, that there was "a defect of parties plaintiff."

APPEAL from the *Madison* Common Pleas.

ELLIOTT, C. J.— This suit was first instituted in the name of the State of *Indiana,* on the relation of *Simpson,* who is described in the complaint as "a commissioner appointed by the Court of Common Pleas of *Orange* county, in the partition case of *Sarah Dixon* and others, in said court," on a bond executed by *Joseph Cox,* a former

commissioner appointed by the court in the same partition suit, with *Maxedon*, the appellant, and one *Payne*, as his sureties. The object of the suit was to recover of the defendants an amount of money alleged to have been received by *Joseph Cox*, the former commissioner, being a part of the proceeds of the sale of certain real estate sold under the order of the court, in said proceedings for partition.

The court sustained a demurrer to the original complaint, for the reason that *Simpson* was not the proper relator. An amended complaint was then filed, on the relation of *Simpson*, as commissioner, &c., "and upon the relation of *John Dixon*, guardian of *Solomon Dixon, Deborah Dixon, Silas Dixon, Bedford Dixon* and *John Dixon*."

The complaint and proceedings in the case for partition referred to, are made a part of the amended complaint in this suit, by which it is shown that the real estate ordered to be sold, under the proceedings in that case, was owned in common by *Sarah Dixon*, the widow of *Silas Dixon*, deceased, and by *Solomon, Deborah, Silas, Bedford* and *John Dixon*, and that said *Sarah Dixon* was entitled to more than a *moiety* of the whole. It also appears by the complaint that *William Cox* was first appointed by the court a commissioner to sell the real estate; that he did sell the same, according to the terms of the order of the court, and that the sale was reported to, and confirmed by, the court, but that he died soon afterward, without having received any portion of the purchase money; that the court thereupon appointed said *Joseph Cox* his successor, who executed the bond in suit. And it is averred that *Joseph Cox* collected a large amount of the said purchase money, and left the country, without having, in any manner, accounted therefor; that he was removed by the court, and said *Simpson* appointed his successor.

Process was not served on the defendants, *Cox* or *Payne*, nor did either of them appear to the suit. The defendant, *Maxedon*, appeared, and moved to "strike the amended

complaint from the files," but the court overruled the motion, and *Maxedon* thereupon demurred to the complaint for the following causes:

"1. That the complaint does not state facts sufficient to constitute a cause of action.

"2. That *A. J. Simpson*, one of the relators herein, has no legal capacity to act as relator.

"3. That the heirs of *Sarah Dixon*, and others mentioned as parties to the partition suit referred to in the complaint, are the only proper relators herein."

But the court overruled the demurrer, and this ruling presents the first question for our consideration.

The statute provides that, "every action must be prosecuted in the name of the real party in interest," except that an executor, administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another. It shall not be necessary to make an idiot or lunatic a joint party with his guardian or committee, except as may be required by statute. 2 G. & H., §§ 3 and 4, pp. 35 and 36. Here, the real parties in interest are the persons who owned the land sold by the first commissioner, and who were entitled to the proceeds of the sale.

The bond sued on was not given on a contract made with *Simpson*, as commissioner, nor in his name. He had no interest in the money collected by *Joseph Cox*, the former commissioner, and secured by the bond. Nor do we conceive that it was at all requisite, in the discharge of the duties of his trust, whatever they may have been under his appointment, to sue for, or receive, the money that had come into the hands of *Cox*, a former commissioner.

The other relator, *Dixon*, occupies no better condition. The complaint does not aver that the persons of whom he

represents himself as guardian are infants, and as, without such an averment, the law presumes them of age, the complaint is bad. *Shirley* v. *Hagar*, 3 Blackf. 225; *McGillicudy* v. *Forsythe*, 5 *id.* 435; *Hanly et al.* v. *Levin*, 5 Ohio Rep. 228.

·If the suit was brought on the relation of the persons in interest, by *Dixon*, their guardian, without averring their infancy, his name might, perhaps, be stricken out as surplusage. But it is instituted on his relation, not on the relation of those he professes to represent, and the averment, therefore, can only be regarded as *descriptio personæ*.

But there is still another reason why the suit cannot be maintained in the name of *Dixon* as relator. The statute provides that, "when an infant shall have a right of action, such infant shall be entitled to maintain suit thereon, and the same shall not be delayed or deferred on account of such infant not being of full age." 2 G. & H., § 10, p. 42. And the next succeeding section enacts that, "before any process shall be issued in the name of an infant, who is a sole plaintiff, a competent and responsible person shall consent in writing to appear as the next friend of such infant," &c. From the various provisions of the statute referred to, it seems evident that the action must be brought in the name of the infant, by his next friend, and not by a guardian.

It should also be observed that, from the showing in the complaint, *Sarah Dixon* is entitled to a portion of the money sought to be recovered, and is, therefore, a party in interest, and should be made a party relator.

The demurrer, though not drawn in the language of the statute, we think should be considered as raising the objection "that there is a defect of parties plaintiffs," under the provisions of the code, and, for the reasons stated, should have been sustained.

Many other questions are discussed by counsel, some of which may possibly arise in a future trial or suit, but, in view of the imperfect manner in which they are presented

by the confused record now before us, we do not feel called upon to examine them. When the proper parties are brought before the court, and the pleadings shorn of the redundant and irrelevant matter now presented, and proper averments made in a form to present the merits of the case, the questions referred to may not arise, but if they do, then will be the proper time for their decision.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer, with leave to both parties to amend their pleadings.

*J. & T. S. Collins* and *Black & Wilson*, for appellants.
*McDonald & Roache*, for appellees.