NIEDERHAUS *v.* HELDT and Another.

CONTEST OF WILLS.—PARTIES.—A suit to contest the validity of a will can only be brought by a party in interest.

SAME.—The language, "any person may contest the validity of a will," &c., used in section 39 of the statute on the subject of wills, must be limited by the provision of the code which requires every action to be prosecuted in the name of the real party in interest.

APPEAL from the *Gibson* Common Pleas.

RAY, J.—The complaint alleges that in the month of *September,* 1865, *Michael Katoling* and *Rosina Katoling,* his

mother, departed this life at said county; that on the 3d day of *October*, 1865, an instrument in writing, purporting to be the joint will and testament of said decedents, was presented to the clerk of said county, and was by him admitted to probate, and a certificate thereof was indorsed thereon, which, with a copy of said will, is filed with the complaint; that on the —— day of *October*, 1865, the appellee *Marchand* was appointed administrator, with the will annexed, of the estate of said *Michael Katoling*, and also administrator, with the will annexed, of said *Rosina Katoling*, and that he had qualified and entered upon said administration; that the appellee *Lewis Heldt*, is named as the sole and only legatee of said *Michael Katoling* and *Rosina Katoling*, in said pretended will. The complaint further avers that said pretended will is not the will of said *Michael Katoling* and *Rosina Katoling*, because at the time of its pretended execution, the said *Michael* and *Rosina* were both of unsound mind, and each incapable of executing the same, and because said instrument was unduly executed by the said testators. The complaint also alleges that the said *Michael Katoling* and *Rosina Katoling* died without leaving issue, or other known heirs living, and that neither of the decedents have any heirs within the county, or the jurisdiction of the *United States*, and that the plaintiff is a citizen and a tax-payer of the county of *Gibson*, and State of *Indiana*. Prayer that the probate of said pretended will and testament be set aside and declared null and void.

The appellee demurred to the complaint for the reasons: 1. That the complaint does not state facts sufficient to constitute a cause of action. 2. That the plaintiff has no interest in the action, and is an improper party plaintiff. The demurrer was sustained, to which the appellant excepted, and judgment was rendered for defendants for costs.

By the act of *May* 31, 1852, (2 G. & H., § 39, p. 559,) it is provided that "any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate."

Section 41 provides, that "the final determination of such cause against the plaintiff, shall not debar any other person from contesting such will within said three years." It is insisted by the appellant, that this language is to be construed without regard to the provision of the code requiring every action to be prosecuted in the name of the real party in interest, except as otherwise provided in the next section. That section authorizes an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, to sue without joining with him the person for whose benefit the action is prosecuted. But if these provisions of the code are to be regarded as qualifying the section cited on the subject of the contest of wills, it is urged that the appellant is still within the law, and that he and all other persons are, for the purpose of contesting a will, "expressly authorized by statute to sue." The 47th section of the act on the subject of wills provides, that "infants, persons absent from the State, or of unsound mind, shall have two years after their disabilities are removed to contest the validity or due execution of such will." By the construction contended for it would result, that every will executed within this State would be liable to be contested until every infant in being at the date of the offered probate of the will should attain majority, every person absent from the State should return, every person of unsound mind should recover his reason, only to discover that the legislature of this State, in their inscrutable wisdom, had given him yet two years within which he might commence proceedings to contest all wills, without having a personal interest in any. This construction might commend itself to those who are at present included within some of the disabilities named in the statute. We cannot, however, adopt it. By the act of *February* 1, 1859, supplemental to the former act on the subject of wills, it is provided, "That in all cases of foreign wills and testaments heretofore admitted, or hereafter to be admitted, to probate, or which have been or may be offered for record

and filing in any county of this State, any person interested in the estate of the testator may contest such will or testament within the time, in the manner, and for any or all the causes prescribed by the laws of *Indiana* in cases of the contest of domestic wills." It cannot be assumed that the legislature intended that "any person" may contest wills executed within the State, but that only "persons interested in the estate of the testator" may contest foreign wills. Otherwise, a citizen of the State desiring to execute a will, would find an inducement to acquire a temporary residence elsewhere for the purpose of its execution. It is more reasonable to assume that the intention was to limit the contest of domestic wills by the provision of the code requiring the suit to be brought in the name of the person in interest.

The judgment is affirmed, with costs.

*A. C. Donald,* for appellant.

*J. L. Embree,* for appellees.