## SCHMIDT ET AL. *v.* BOMERSBACH ET AL.

WILL.— *Contesting Validity of.— Complaint.—Necessary Averments.—* Where, in an action to contest the alleged last will of a testator, the complaint neither alleges the death of the testator, nor any legal interest, in the plaintiff, in the subject-matter, the complaint is insufficient on demurrer.

SAME.— *Copy of Will.—* The will is not the foundation of such action, and therefore a copy thereof, attached to the complaint, can not be looked to in determining its sufficiency.

From the Marion Circuit Court.

*H. W. Harrington, A. G. Howe, F. J. Mattler* and *H. C. Newcomb*, for appellants.

*J. T. Dye* and *A. C. Harris*, for appellees.

NIBLACK, J.—Kate Bomersbach, with her husband, Nicholas Bomersbach, and several other persons, commenced this action, in the court below, against Margaretta Schmidt and her husband, Joseph Schmidt, to contest the validity of an instrument in writing, purporting to be the last will and testament of one John Becker.

After some preliminary proceedings, which need not be here noticed, the defendants answered in general denial, and the cause was tried by a jury.

A general verdict was returned for the plaintiffs. together with answers to numerous interrogatories propounded to the jury on both sides, and a judgment was rendered declaring the alleged will invalid, and setting it aside.

One of the errors assigned here raises the question of the sufficiency of the complaint.

The complaint on which the cause was tried was as follows :

" Come now the plaintiffs, Nicholas Bomersbach, Kate Bomersbach, George Richenbach, Eliza Richenbach, and Maggie Becker, John Becker, Mollie Becker, Emma Becker, Jacob Becker, Charles Becker and Della Becker, the last seven of whom are infants, and appear by their next friend Kate Bomersbach, and show to the court that the defendants have filed in this court, for probate, a paper purporting to be the last will and testament of John Becker, a copy of which is filed herewith and made a part hereof, marked ' Exhibit A.' And plaintiffs show the court, that, at the time of the execution of said alleged will, the said John Becker was of unsound mind, and that said will was executed under duress, and was obtained by fraud, and the undue influence of Margaret Becker, and is not the last will of said Becker.

" Wherefore plaintiffs pray that this court may decree that said pretended will is not the last will of said John Becker, and for all proper relief."

The complaint was verified by the oath of Nicholas Bomersbach, one of the plaintiffs.

Section 39 of the act concerning wills provides, that "Any person may contest the validity of any will or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the court of common pleas" (now circuit court) " of the county where the testator died, or where any part of his estate is, his allegation in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity, or the probate thereof; and the executor and all other persons beneficially interested therein, shall be made defendants thereto." 2 R. S. 1876, p. 580.

It has been held by this court, and we think correctly, that the first clause of the foregoing section must, in connection with other sections of the statute, be construed to mean that any person, being a party in interest, may contest the validity of any will, and hence that, in an action to contest the validity of a will, the complaint must show the plaintiff to have an interest of some kind in the subject-matter involved in the contest. *Neiderhaus* v. *Heldt*, 27 Ind. 480; *Willett* v. *Porter*, 42 Ind. 250.

Nothing is averred in the complaint before us, showing the plaintiffs to have any interest, either in the estate of John Becker, the alleged testator, or in any other matter in any way involved in the contest. Neither is it averred what relations, if any, the defendants sustain to the will. Nor is the death of the said John Becker in any manner directly alleged. A man must be shown to be dead before his will can be contested.

The will sought to be contested was not the foundation of the action. The copy of it, which was filed with the complaint as an exhibit, did not, therefore, become a part

of the complaint, and can not be used to supply any of the averments which the complaint ought to contain but does not. *The State, ex rel. Share*, v. *Boyd*, 63 Ind. 428; *Wilkinson* v. *The City of Peru*, 61 Ind. 1, and authorities there cited.

Because of the omissions above indicated, the complaint was clearly insufficient to sustain the proceedings had upon t below. As to the jurisdictional facts necessary to sustain the contest of the validity of a will, we cite the following cases: *Sutherland* v. *Hankins*, 56 Ind. 343; *Harris* v. *Harris*, 61 Ind. 117; *Thomas* v. *Wood*, 61 Ind. 132; *Coffman* v. *Reeves*, 63 Ind. 334.

The conclusion we have reached, as to the insufficiency of the complaint, renders it unnecessary that we shall consider the remaining questions discussed by counsel.

The judgment is reversed, with costs, and the cause remanded for further proceedings.