## KINNAMAN ET AL. *v.* KINNAMAN.

### No. 7437.

JURISDICTION.—*Pleading.*—*Presumption.*—If a complaint shows affirmatively, that the court has no jurisdiction of the subject of an action, it is not error to dismiss the proceedings; but, where the court is one of general jurisdiction, the facts which give it jurisdiction of the subject of the action need not affirmatively appear on the face of the complaint. Jurisdiction will be presumed until the contrary appears.

WILL.— *Who may Contest.—Practice.—Dismissal as to Part of Plaintiffs.—* Any person interested may contest the validity of any will; and, where an action to contest a will is brought by a number of interested parties, and is afterward dismissed as to part of the plaintiffs, the case will stand in all material respects as if it had been originally brought by those who did not dismiss.

SAME.—*Bond filed with Complaint.*—Where such an action is dismissed as to part of the plaintiffs, the bond filed with the complaint is not annulled as to the remaining plaintiffs by such dismissal.

TRIAL.—*Practice.—Attorney.—Improper Argument to Jury.—New Trial.—* Where an attorney, in the closing argument of a case, discusses matters not pertinent to the issues, and in a manner calculated to divert the minds of the jury from the merits of the case, such improper discussion is ground for a new trial; and it is not error to grant a new trial for such cause, though no objection was interposed by opposing counsel.

From the Cass Circuit Court.

*D. P. Baldwin* and *D. D. Dykeman,* for appellants.

*D. B. McConnell,* for appellee.

WORDEN, J.—This was an action by William B. Kinnaman and others, who were the children and heirs at law

VOL. 71.—27

of Thomas Kinnaman, deceased, against Rebecca Kinnaman, widow and executrix of the last will and testament of the deceased, to contest the will of the deceased and set aside the probate thereof.

The complaint, after entitling the cause, was as follows:

" In complaint herein the plaintiffs say, they are the children and heirs at law of Thomas Kinnaman, deceased; that Thomas Kinnaman died April —, 1877, testate; a copy of his will is herewith filed and made a part of this complaint, marked ' Exhibit A.' Plaintiffs aver that said will was procured by undue influence ; that the testator, Thomas Kinnaman, was, at the date of its execution, of unsound mind, and they ask that the same be set aside, and the probate thereof revoked."

The complaint was duly verified by William B. Kinnaman.

The defendant answered by a general denial, and the cause was submitted to a jury for trial, who found a verdict for the plaintiffs, which was set aside on motion of the defendant, and a new trial granted.

After a change of judge, the cause was again submitted to another jury for trial, pending which all of the original plaintiffs, except William B. Kinnaman and Ruth Gregory and her husband, John Gregory, dismissed the cause as to them, thus leaving the case standing with the latter named persons only as plaintiffs.    Whereupon the defendant filed the following written motion, viz.:

" Comes now the defendant and moves to dismiss the entire proceedings herein, for the following reasons, to wit:

" 1.    There is no proper complaint on file ;

" 2.    The complaint is not sworn to ;

" 3.    There is no bond on file ;

" 4.    The proper parties are not before the court, either as plaintiffs or defendants ; and,

" 5.    By reason of the plaintiffs having dismissed as to

all of them, except William Kinnaman, Ruth Gregory and John Gregory, the complaint is changed, and the nature of the action is likewise changed, and the same is not sworn to, nor is there any bond on file."

This motion the court sustained, and the proceedings were dismissed, on the grounds stated in the motion. Exception.

Error is assigned upon the granting of the motion for a new trial and upon the dismissal of the cause.

The new trial seems to have been granted on the ground that one of the counsel for the plaintiffs, in the closing argument, had discussed matters not pertinent or relevant to the case, and in a manner well calculated to divert the minds of the jury from its true merits ; making particular allusion to the will of one Chamberlain and that of one McMillen, in which the counsel said the testators (as in this case) had attempted to cut off their heirs, and that both of those wills had been set aside.

To meet this ground of the motion for a new trial, the plaintiffs filed the affidavit of six of the jurors, stating that the remarks of the counsel " upon the final argument, with reference to the McMillen will, Chamberlain's will, and other wills, was not considered by the jury in making up their verdict in this case; that they had no influence whatever upon the jurors, but they were considered by the jury as ' lawyer's talk;' that the question considered and passed upon by the jury was as to the sanity or insanity of Thomas Kinnaman when the will was executed, and the influence that led him to make it."

Perhaps the jurors making the affidavit could say that the remarks had no influence on their minds in making up their verdict. They, doubtless, might conscientiously think so. Few men, however, take exact cognizance of the operations of their own minds, or of the influences that bear upon them. However this may be, the six jurors could not answer for the other six in this respect.

The court had a better opportunity of judging as to the probable effect of the improper remarks of counsel than we can have, and we can by no means say that any error was committed in granting a new trial.

But it is insisted by counsel for the appellant, that, as no exception was taken, the error, if any was committed, was waived. In the case of *The St. Louis, etc., Railway Co.* v. *Myrtle*, 51 Ind. 566, 576, it is said that " it is settled by the very decided weight of authority, that the failure of the court to interpose, when opposing counsel are present in court to interfere, and do not ask the interposition of the court, or object to the line of argument being pursued, will not entitle the party to a new trial."

But we do not think the doctrine of that case applicable where the court below grants the new trial. In other words, we do not think it error to grant a new trial for such cause, though no objection was interposed by opposing counsel to the line of argument being pursued. The presumptions are in favor of the correctness of the action of the court below.

We pass to the question of the dismissal of the proceedings.

The first ground of the motion to dismiss was, as has been seen, that there was no proper complaint on file. The question has been discussed by counsel on both sides, whether the complaint was not radically defective in not showing that the court had jurisdiction over the subject of the action.

In the case of *Thomas* v. *Wood*, 61 Ind. 132, 137, it was held, that, in order to give the court jurisdiction to contest the validity of a will, the testator must have died in, or left assets in, or that assets of the estate must have come into, the county where the contest is carried on. In that case, as in the present, the complaint was silent as to any of these jurisdictional facts. It showed nothing on

the subject one way or the other; but the evidence showed the jurisdiction, and this was held to be sufficient to uphold the proceedings.

Doubtless, if a complaint should show affirmatively that the court had no jurisdiction of the subject of the action, it would not be error to dismiss the proceedings. But where the court is one of general jurisdiction, like the circuit court, the facts which give it jurisdiction of the subject of the action need not affirmatively appear on the face of the complaint. It will be presumed, unless the contrary appear. The ruling in the case above cited must rest on this principle; for, if it were essential that the facts giving the court jurisdiction should affirmatively appear on the face of the complaint, the evidence could not aid the defect.

The proposition above stated is fully sustained by the following authorities: *Brownfield* v. *Weicht*, 9 Ind. 394; *Ragan* v. *Haynes*, 10 Ind. 348; *Godfrey* v. *Godfrey*, 17 Ind. 6; *Loeb* v. *Mathis*, 37 Ind. 306; *Hyatt* v. *Cochran*, 69 Ind. 436.

There was nothing in the first reason assigned for the dismissal of the proceedings. Nor was there any thing in the second or third, for the complaint was duly verified, and there was a bond on file, which was not destroyed or in any way annulled by the dismissal of the case as to part of the plaintiffs.

There is as little in the fourth ground. After the dismissal of the case as to a part of the plaintiffs, it stood just as it had before such dismissal, in respect to those who did not dismiss. It was not necessary that all of the heirs of the testator should join in the proceeding to contest the will. Any one might bring the action, or a part or all of them might join. And it was not necessary that those who dismissed should be made defendants, as they were not beneficially interested in the will. *Morse* v. *Morse*, 42 Ind. 365.

The statute clearly contemplates that any person interested may alone institute proceedings to contest a will. It provides that " Any person may contest the validity of any will," etc. This means any person interested. *Neiderhaus* v. *Heldt*, 27 Ind. 480. Then it provides, that " The final determination of such cause against the plaintiff, shall not debar any other person from contesting such will, within said three years." See sections 39 and 41 of the act on the subject of wills. 2 R. S. 1876, pp. 580, 582.

After the dismissal of the case by a part of the plaintiffs, it stood in all material respects as if it had been originally commenced by those who did not dismiss.

What we have already said disposes of the fifth and last ground of the motion to dismiss the proceedings.

We are of opinion, that the court erred in dismissing the proceedings, on motion of the defendant.

The judgment below is reversed, with costs, and the cause is remanded for further proceedings in accordance with this opinion.