JAMES KINNEY ET AL. v. ADELIA M. HARRETT, GUARDIAN.

*Guardian should not bring ejectment in his own name—Demurrer— Idem sonans.*

Guardianship in socage does not exist in Michigan.

Guardians for nurture have no right of possession of their ward's lands, and cannot bring ejectment for it.

Ejectment, in Michigan, determines the title; so that no one is authorized to sue in the right of another who has the legal title. But one may recover on showing a mere right to possession, in cases where such a right is evidence as against the defendant that the plaintiff has a legal estate of some description.

A landlord may recover in ejectment against his tenant after the tenancy has expired on no other showing than the recognition of title which is always implied in a tenancy.

A guardian by appointment is not authorized, in Michigan, to bring ejectment in his own name for lands owned by the ward; but where the ward's title is fully set forth in the declaration, and the guardian is only a nominal party, the objection to the pleading should be taken by demurrer, and it is within the discretion of the court to permit an amendment.

Kenney and Kinney are *idem sonans.*

Error to Kent. Submitted April 13. Decided April 27.

EJECTMENT. Defendants bring error. Reversed.

*W. D. Fuller* and *Eben Smith* for plaintiffs in error.

*C. G. & W. W. Hyde* for defendant in error. A declaration in ejectment filed by a guardian in his own name is sufficient if not specially demurred to: 1 Chit. Pl. 703; Gould's Pl. ch. 10, §§ 7-19; plea of the general issue admits the right in which plaintiff brings suit: *Newman v. Murphy* 1 Hill (S. C.) 153; *Edwards v. Ford* 2 Bailey 461; and also the character: *Carpenter v. Whitman* 15 Johns. 208; after verdict, it is sufficient if it were averred in general terms that plaintiff was executor or administrator of the particular estate: *Graham v. Gunn* 45 Ala. 577; *Dodson v. Scroggs* 47 Mo. 285; it is not a material misnomer to use indifferently words that are confused by common usage, though differing in sound: *Gordon v. Holiday* 1 Wash. 285; *Wilkerson v. State* 13 Mo. 91; the following words are held to be *idem sonans:* Hudson and Hutson, *Cato v. Hutson* 7 Mo. 142; Susan and Susanna, *Trimble v. State* 4 Blackf. 435; Usrey and Usury, *Gresham v. Walker* 10 Ala. 370; Herman and Harman, *Kahn v. Herman* 3 Kelly (Ga.) 266; Gravier and Gravaier, *Simon v. Hill* 2 Eng. 70; Geisler and Geusler, *Cleaveland v. State* 20 Ind. 444; Kimberling and Kamberling, *Houston v. State* 4 Greene (Ia.) 437; St. Clair and Sinclair, *Rivard v. Gardner* 39 Ill. 125; Steven and Stevens, *Stevens v. Stebbins* 3 Scam. 25; Beton and Belton, *Belton v. Fisher* 44 Ill. 32; Japheth and Japhath, *Morton v. McClure* 22 Ill. 257; McDonald and McDonell, *McDonald v. People* 47 Ill. 533.

COOLEY, J. The defendant in error brought suit in ejectment as guardian of Arelia Kinney and Kittie L. Kinney, averring in her declaration that as such guardian, on October 8, 1870, she was possessed of certain described real estate, "to which said above-described real estate the said plaintiff as such guardian aforesaid claims the right of possession. And she also claims that the title to said lands is in the said Arelia Kinney and Kittie L. Kinney, her said wards, in fee-simple," and that being so possessed the plaintiffs in error entered and unlawfully withhold, etc. To this declaration

plea in bar was interposed, but on the trial the point was made that the guardian could not maintain ejectment in her own name but must sue in the name of the wards. The point was not sustained, and the guardian recovered.

As guardianship in this State is a matter of statutory regulation, common-law rules will afford little aid in determining this question. It has been held that guardians in socage might bring ejectment in their own names; ( *Wade v. Baker* Ld. Raym. 130; *Rex v. Inhab. of Oakley* 10 East 491; *Byrne v. Van Hoesen* 5 Johns. 66; *Truss. v. Old* 6 Rand. 556; *Hughes' Minors' Appeal* 53 Penn. St. 500;) but this species of guardianship is not recognized in this State. Guardians for nurture it is clear have no such right; they have not even the right of possession. *Anderson v. Darby* 1 Nott & M. 369; *May v. Calder* 2 Mass. 55; *Ross v. Cobb.* 9 Yerg. 463; *Magruder v. Peter* 4 G. & J. 323. Guardians by appointment have the authority the statute confers.

By the statute the guardian has " the care and management of the estate of the minor." Comp. L. § 4816. He is " to dispose of and manage all such estate and effects according to law." Id. § 4817. He is to " pay all just debts due from the ward out of his personal estate and the income of his real estate, if sufficient, and if not, then out of his real estate, upon obtaining license for the sale thereof, and disposing of the same in the manner provided by law." Id. § 4830. He would have authority under this provision to make leases of the real estate during the minority, and to transfer the possession to the lessee. He is to " appear for and represent his ward, in all legal suits and proceedings, unless where another person is appointed for that purpose as guardian or next friend." Id. § 4831. He may " dispose of the personal estate of the ward," (Id. § 4834); but except when licensed by the judge of probate to sell the real estate, or to mortgage the same, (Id. § 4625), his power over it is limited to leasing it and to the reception of the rents and profits.

If ejectment were purely a possessory action there would be reason for holding that the guardian might sue in his

own name. But in this State ejectment determines the title. The plaintiff in his declaration " shall state whether he claims in fee, or whether he claims for his own life, or for the life of another, or for a term of years, or otherwise, specifying such lives, or the duration of such term." Comp. L. § 6213. The verdict must also " specify the estate or right which shall have been established on the trial, by the plaintiff in whose favor it shall be rendered." It is plain that these provisions do not contemplate that one person shall sue in the right of another who has the legal title. There are many cases in which one may recover on showing a mere right to possession; but they are cases in which this right is evidence, as against the defendant, that the plaintiff has a legal estate of some description in the land: *Gamble v. Horr* 40 Mich. 561. A landlord, for example, may recover against his tenant, when the tenancy has expired, without making any other showing than that recognition of title which is always implied in tenancy; but this proves an existing estate until met by evidence that it has been terminated. *Niles v. Ransford*, 1 Mich. 338.

The suit being improperly planted, the judgment must be reversed with costs of this court. But the objection we have noticed ought to have been taken by demurrer, that the plaintiff might have gone out of court before the expense of preparation for trial had been incurred. And as the guardian is only a nominal party, and the title claimed by the wards is fully set out in the declaration, I think the court in its discretion might have permitted an amendment. The record will therefore be remanded to give opportunity for a motion now.

There was an objection to a variance in a deed between the names of *Kenney* and *Kinney;* but this is immaterial. It is, as they are commonly spoken, *idem sonans.*

The other Justices concurred.