Scott, Administrator, *et al. v.* Farman *et al.*

---

No. 11,043.

SCOTT, ADMINISTRATOR, ET AL. *v.* FARMAN ET AL.

WILL.—*Parties.*—*Complaint.*—*Supreme Court.*—Where, in an action to set aside a will, the complaint shows no joint cause of action in the plaintiffs, it is insufficient and may be questioned by assignment of error in the Supreme Court on appeal.

From the Marion Circuit Court.

Ackerly *et al. v.* The Board of Commissioners of Knox County.

*F. Rand, J. M. Winters, P. W. Bartholomew* and *R. A. Sprague,* for appellants.

*A. F. Denny, W. W. Herod* and *F. Winter,* for appellees.

NIBLACK, C. J.—This was an action by Mary M. Farman, Emma L. Farman, Eliza E. Farman and Anna J. Farman, children and heirs at law of Francis L. Farman, deceased, against Adam Scott, administrator of the estate of the decedent, and others claiming an interest in the estate, to set aside the will of the said Francis L. Farman, which had been admitted to probate.

Verdict for the plaintiffs, and judgment setting aside the will.

The names of other persons were united and associated with the plaintiffs above named, but without any averment as to any interest on their part in the subject-matter of the action. It is now insisted that for that reason the complaint was insufficient. We think the objection is well taken, and that the judgment ought on that account to be reversed. *Harris* v. *Harris,* 61 Ind. 117.

The judgment is reversed with costs, and the cause remanded for further proceedings.

Petition for a rehearing overruled.