Campbell *v.* Fichter—168 Ind. 645.

---

# CAMPBELL, GUARDIAN, *v.* FICHTER, EXECUTOR, ET AL.

[No. 20,950.  Filed June 20, 1907.]

1. PARTIES.—*Guardian and Ward.—Pleading.—Theory.—Appeal.* —Where doubt exists whether the guardian or the ward was plaintiff, but, the guardian was treated as the plaintiff below, and he assigned the errors on appeal, such guardian will be treated, on appeal, as the real plaintiff.  p. 647.

2. PARTIES. — *Interest.* — *Wills.*—*Statutes.* — Section 2766 Burns 1901, §2596 R. S. 1881, providing that "any person" may contest a will, means any person having an interest in the subject-matter of the contest.    p. 647.

3. SAME.—*Will Contests.*—*Special Procedure.*—*Civil Code.*—The statute providing for the contest of a will, being silent as to whether a guardian or his ward shall institute the action, the courts will look to the civil code to determine such question. p. 647.

4. SAME.—*Guardian and Ward.*—*Next Friend.*—*Wills.*—*Contest.* —Under §§256, 257 Burns 1901, §§255, 256 R. S. 1881, an infant, suing by his next friend, may institute and maintain a proceeding to contest a will in which he is interested.   p. 647.

5. SAME.—*Guardian and Ward.*—*Source of Guardian's Authority.* —Guardians are creatures of statute, and their authority is measured thereby.   p. 648.

6. SAME. — *Guardian and Ward.* — *Wills.*—*Contest.*—Guardians have no power to institute, on behalf of their wards, proceedings to contest a will.   p. 648.

7. SAME.—*Guardian and Ward.*—*Trustee of Express Trust.*— *Wills.*—*Contest.*—Guardians have no right, under §252 Burns 1901, §252 R. S. 1881, authorizing the "trustee of an express trust" to maintain suits, to institute a proceeding to contest a will.   p. 649.

8. SAME.—*Guardian and Ward.*—*Equity Suits.*—Guardians, as such, have no right, in the absence of statutory authority, to sue in equity on behalf of their wards.   p. 650.  .

From Decatur Circuit Court; *Marshall Hacker,* Judge.

Action by William S. Campbell, as guardian of Francis W. Ackerman, a minor, against Lawrence Fichter, as executor of the will of Eliza Ackerman, deceased,. and others.   From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Burt New, Willard New, J. K. Ewing* and *Frank Hamilton,* for appellant.

*B. F. Bennett, Thomas E. Davidson, Hugh Wickens* and *John E. Osborn,* for appellees.

GILLETT, J.—Proceeding to contest a will.   The action purports to be brought by William S. Campbell, as

guardian of Francis W. Ackerman, but in the body of the complaint the latter (a minor) is referred to as the plaintiff, and this occasions some difficulty in determining whether Ackerman is in court; but, as the guardian was treated as the plaintiff by the parties and the court below, and as he is assigning error in this court, we shall assume, and hold the parties to the theory, that the action is prosecuted by the guardian. See *Maxedon v. State, ex rel.* (1865), 24 Ind. 370. So construing the complaint, the threshold question in this case is: Can the guardian of a minor maintain an action to contest a will? If this question should be determined against appellant, the judgment must be affirmed.

It is true that the statute (§2766 Burns 1901, §2596 R. S. 1881) provides that "any person" may contest the validity of a will, but this has been construed to mean any person having an interest in the subject-matter of the contest. *Neiderhaus v. Heldt* (1867), 27 Ind. 480; *Schmidt v. Bomersbach* (1878), 64 Ind. 53. As the statute is wholly silent as to the manner in which such an action shall be brought by an infant, we are clearly justified in looking to the civil code. *Hart v. Scott* (1907), *ante,* 530, and authorities there cited. It was said in *Chicago, etc., R. Co. v. Summers* (1887), 113 Ind. 10, 15, 3 Am. St. 616: "It has often been held by this court, and correctly so, we think, that the modes of procedure and rules of practice prescribed by our civil code in civil actions are all applicable to a special statutory proceeding for the enforcement of private rights, except where the statute, authorizing and regulating such special proceeding, has expressly or by fair implication prescribed a different course of procedure or rule of practice therein." The code provides that "every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section." §251 Burns 1901, §251 R. S. 1881. The section

thus referred to (§252 Burns 1901, §252 R. S. 1881) contains the following provisions: "An executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another. It shall not be necessary to make an idiot or lunatic a joint party with his guardian or committee, except as may be required by statute." By §256 Burns 1901, §255 R. S. 1881, it is provided: "When an infant shall have a right of action, such infant shall be entitled to bring suit thereon, and the same shall not be delayed or deferred on account of such infant not being of full age." The next section (§257 Burns 1901, §256 R. S. 1881) provides that a competent and responsible person is to appear as next friend of the infant. There can be no question, in view of the statutory provisions before referred to, that it is competent for an infant, appearing by next friend, to contest a will.

We directly address ourselves to the question whether the guardian of an infant may sue in his own name in such a proceeding as this. We take it that the authority of a guardian in this State is measured by legislative enactment. His power over the property of his ward, under the guardianship statute (§2673 et seq. Burns 1901), may be said, in the main at least, to be confined to the management of the estate (including a circumscribed power over the real estate), the payment of debts due from his ward, and the collection and compounding of debts due him. As showing that the guardian has not an unlimited right to sue, it is significant that provisions are found in the code giving him authority to maintain particular actions (§§265, 267 Burns 1901, §§264, 266 R. S. 1881), while both the partition and the guardian-

ship statutes (§§1208, 2707 Burns 1901, §§1194, 2542 R. S. 1881) give him authority to represent the infant in suits for partition. It is especially significant that in the latter statute it was deemed necessary to provide that it should be the duty of the guardian to defend, or cause to be defended, all suits against the ward (§2685 Burns 1901, §2521 R. S. 1881), while, as respects actions in his favor, it was merely provided that "all courts have power * * * to permit any person, as next friend, to prosecute any suit in any minor's behalf" (§2684 Burns 1901, §2520 R. S. 1881). Bearing in mind the proposition that a guardian's authority in this State is derived from statute, it would seem quite clear in the light of the duties expressly devolved upon him, and giving due consideration to the general provision of the code as to parties plaintiff, as well as to the implications growing out of the special provisions concerning the guardian suing and defending, that he has no authority to wage on behalf of the ward an action of this character.

It is, however, asserted by counsel for appellant that a guardian is the trustee of an express trust under §252, *supra.* There are authorities which recognize the 7. proposition that in some instances a guardian may sue by virtue of such provision (*Shepherd* v. *Evans* [1857], 9 Ind. 260; *Schlieder* v. *Wells* [1906], 99 N. Y. Supp. 1000, and New York cases cited), but we think that they are all cases in which the particular subject-matter of the action was such that the guardian might be considered to be the trustee of an express trust, even within the definition which the statute itself affords. Construing the code and the guardianship statute *in pari materia,* it may further be admitted that the right of a guardian to sue may in some instances be affirmed as an essential incident of the duties devolved upon him. It is clear, however, that the mere existence of the relationship of guardian and ward does not constitute the guardian of an infant the trustee of

an express trust within the meaning of §252, *supra.* Professor Pomeroy carefully discusses this statutory provision concerning parties plaintiff, which, it may be observed, is found in a number of the codes, and, in the course of his discussion, says: "A guardian or committee, although possessing a power to be exercised for the benefit of another, is not a trustee; and the term, when applied to him, could. be used only in a popular and not a legal sense. Such a guardian or committee, would not therefore, by virtue merely of the permission granted in the provision of the statute under examination, be entitled to sue in his own name as a trustee of an express trust." Pomeroy, Remedies and Remedial Rights (2d ed.), §172, p. 210. See, also, *Maxedon* v. *State, ex rel., supra; Weaver* v. *Trustees, etc.* (1867), 28 Ind. 112; *Rawlings* v. *Fuller* (1869), 31 Ind. 255; *Mitchell* v. *St. Mary* (1897), 148 Ind. 111; *Fox* v. *Minor* (1867), 32 Cal. 111, 91 Am. Dec. 566; *Palmer* v. *Ft. Plain, etc., Road Co.* (1854), 11 N. Y. 376; *Robbins* v. *Deverill* (1865), 20 Wis. *142. It is evident, we think, that the term "express trust" was not used in the above statute in a loose or popular sense, and, in view of the principle that that which is expressed is an exclusion of all else, the provisions of the statute concerning who may sue become quite significant by their implied exclusion of other persons.

There are a number of cases which deny to the guardian the right to file in his own name a bill in equity on behalf of his ward. *Lemon* v. *Hansbarger* (1849), 6 Gratt. 301; *Sillings* v. *Bumgardner* (1852), 9 Gratt. 273; *Burdett* v. *Cain.* (1875), 8 W. Va. 282; *Bradley* v. *Amidon* (1843), 10 Paige 235; *Hoyt* v. *Hilton* (1834), 2 Edw. Ch. (N. Y.) 202; *Sanderson* v. *Sanderson* (1880), 17 Fla. 820. In *Genet* v. *Tallmadge* (1815), 1 Johns. Ch. *561, Chancellor Kent, in denying the petition of a guardian that he be paid the distributive share of his wards in the hands of commissioners so as to make partition

of the lands of the ancestor of said wards, said: "It is not the general policy of the law that any guardian should have it in his power, under any circumstances, to dissipate the real estate of his ward. The law never allows him any further control than over the rents and profits." It was held in *Muller* v. *Benner* (1873), 69 Ill. 108, that, as the only power a guardian in Illinois has over the lands of his ward is to lease the same, he cannot maintain ejectment as guardian. The same conclusion was reached in *Kinney* v. *Harrett* (1881), 46 Mich. 87, 8 N. W. 708. The opinion of Judge Cooley in that case, although it deals largely with the Michigan statutes, sheds so much light upon the limitations which exist upon the power of guardians to sue under statutes like our own that we venture to quote from it at some length. He there said: "As guardianship in this state is a matter of statutory regulation, common-law rules will afford little aid in determining this question. It has been held that guardians *in socage* might bring ejectment in their own names (*Wade* v. *Cole* [1789], Ld. Raym. 130; *Rex* v. *Inhabitants of Oakley* [1809], 10 East 491; *Byrne* v. *Van Hoesen* [1809], 5 Johns. *66; *Truss* v. *Old* [1828], 6 Rand. [Va.] 556, 18 Am. Dec. 748; *Hughes' Minors' Appeal* [1866], 53 Pa. St. 500); but this species of guardianship is not recognized in this state. Guardians for nurture it is clear have no such right; they have not even the right of possession. *Anderson* v. *Darby* [1818], 1 Nott. & M. (S. C.) *369; *May* v. *Calder* [1806], 2 Mass. 55; *Ross* v. *Cobb* [1836], 9 Yerg. [Tenn.] 462; *Magruder* v. *Peter* [1832], 4 G. & J. 323. Guardians by appointment have the authority the statute confers. By the statute the guardian has 'the care and management of the estate of the minor.' Comp. Laws, §4816. He is 'to dispose of and manage all such estate and effects according to law.' §4817. He is to 'pay all just debts due from the ward out of his personal estate and the income of his real estate, if

sufficient, and if not, then out of his real estate, upon obtaining license for the sale thereof, and disposing of the same in the manner provided by law.' §4830. He would have authority under this provision to make leases of the real estate during the minority, and to transfer the possession to the lessee. He is to 'appear for and represent his ward, in all legal suits and proceedings, unless another person is appointed for that purpose as guardian or next friend.' §4831. He may 'dispose of the personal estate of the ward' (§4834), but, except when licensed by the judge of probate to sell the real estate, or to mortgage the same (§4625), his power over it is limited to leasing it and to the reception of the rents and profits. If ejectment were purely a possessory action there would be reason for holding that the guardian might sue in his own name. But in this state ejectment determines the title. The plaintiff in his declaration 'shall state whether he claims in fee, or whether he claims for his own life or for the life of another, or for a term of years, or otherwise specifying such lives, or the duration of such term.' Comp. Laws, §6213. The verdict must also 'specify the estate or right which shall have been established on the trial by the plaintiff in whose favor it shall be rendered.' It is plain that these provisions do not contemplate that one person shall sue in the right of another who has the legal title. There are many cases in which one may recover on showing a mere right to possession; but they are cases in which this right is evidence, as against the defendant, that the plaintiff has a legal estate of some description in the land."

A sufficient reason for a guardian's not suing in such a case as this appears in *Lombard* v. *Morse* (1891), 155 Mass. 136, 29 N. E. 205, 14 L. R. A. 273, wherein it was held that a guardian was not entitled to maintain a bill in equity to avoid certain conveyances made by his insane ward. The court said: "The title to the property of the

ward does not pass to the guardian. He has its care and management only. His possession is that of an agent or attorney, not that of an assignee or trustee."

Our cases recognize the right of the guardian to sue for debts (as an implication from his duty to collect), to secure by petition a distributive share of the estate of the ward in the hands of executors or administrators, and also to maintain actions for an interference with his (the guardian's) possessory rights (*Shepherd* v. *Evans* [1857], 9 Ind. 260; *Miller* v. *Duy* [1871], 36 Ind. 521; *Boruff* v. *Stipp* [1890], 126 Ind. 32; *Kinsley* v. *Kinsley* [1898], 150 Ind. 67), but there is, nevertheless, a line of authority in this State which denies to the guardian the right to maintain actions not expressly provided for by statute and not pertaining to his duties as fixed in the guardianship chapter. In *Wilson* v. *Galey* (1885), 103 Ind. 257, this court held that the guardian of a minor having an estate in remainder could not maintain an action for waste against the holder of the particular estate. The holding was largely based upon the fact that the statute gave the right of action to the person seized of the estate in remainder, but the court declared that it was the general rule under the code that an infant should sue by *prochein ami*. In *Spencer* v. *Robbins* (1886), 106 Ind. 580, it was held that a guardian *ad litem* for certain minor defendants in a partition proceeding could not file a cross-complaint to quiet title, Mitchell, J., saying: "They can prosecute only by next friend, as provided by statute." This case was followed in *Tucker* v. *White* (1902), 28 Ind. App. 328, the court holding that a guardian who had never had possession of the real estate involved could not maintain a suit to quiet title.

Counsel for appellant contend that *Kinsley* v. *Kinsley, supra,* in effect overrules the prior decisions of this court before referred to. The case does not profess to have that effect, and, in the light of principle, we do not perceive that there is any ground for questioning said rulings. The

primary purpose of an action to contest a will is to have the pretended testamentary instrument adjudged invalid and to procure the annulment of the judgment admitting it to probate. In the face of this tentative judgment, it can by no means be said that the property involved is a part of the subject-matter of the guardianship. The proceeding to contest a will is a special statutory one, and as it can only be prosecuted by a person who has an interest in setting it aside, it follows that an infant in such a case should sue by next friend (if unassociated with an adult plaintiff) as the real party in interest. Having reached this conclusion, we decline to express an opinion on the merits, as the infant is not before the court.

Judgment affirmed.