## Thompson et al. *v.* Turner et al.

[No. 21,340.  Filed October 6, 1909.  Rehearing denied March 10, 1910.]

1.  WILLS.—*Contest of.—Parties.—Statutes.*—Under §3154 Burns 1908, §2596 R. S. 1881, providing that "any person may contest the validity of any will," and §251 Burns 1908, §251 R. S. 1881, providing that "every action must be prosecuted in the name of the real party in interest," any one interested in a will or affected by its probate may contest it.  pp. 595, 596.

2.  PLEADING.—*Special Statutory Proceedings.—Code.*—The civil code of procedure applies, where practicable, to all special statutory proceedings.  p. 595.

3.  WILLS.—*Devise of Lawful Portion.—Validity.*—An heir, to whom a testator devises the precise interest which the devisee would take as an heir, takes by descent and not under the will, the devise being void.  p. 597.

4.  WILLS.—*Devise of Lawful Portion.—Widows.—Descent and Distribution.*—A widow to whom her husband devises precisely

the portion of his estate which the statutes of descent give to her at his death, takes by descent, though not strictly an heir, and has no interest under the will. p. 597.

5.  WILLS.—*Contest.—Complaint.—Defective   Parties   Plaintiff.*— A widow, to whom her husband devised the same interest in his estate that was provided for her by the laws of descent, cannot join as a party plaintiff in an action to contest such will, the devise as to her being void. p. 598.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Charles N. Turner and another against Adaline F. Thompson and others. From a judgment for plaintiffs, defendants appeal. *Reversed.*

*C. B. Templer* and *Thompson & Thompson,* for appellants. *George H. Koons* and *C. A. Taughinbaugh,* for appellees.

HADLEY, J.—Frank H. Turner died in Delaware county on June 18, 1907, leaving Amanda F., his widow, who was a childless second wife, and Charles N. Turner, a son by a former marriage, his only heirs at law. What purported to be the will of the decedent was admitted to probate by the Delaware Circuit Court on June 27, 1907. By the terms of the instrument probated, there was bequeathed and devised to his wife, Amanda Turner, all that portion of his estate, real and personal, to which she was entitled under the laws of the State of Indiana as his surviving widow; to his mother, Cynthia L. Turner, all his property, real and personal, not taken by his widow, Amanda; and, in the event said Cynthia should die before the testator, all that portion of the estate bequeathed to her should go to his sister, Adeline F. Thompson. In due time, Amanda, the widow, filed her election to take her portion of the testator's estate under the law and not under the will. After the filing of said election she joined with her stepson, Charles N. Turner, in a suit to contest the validity of said will, making the administrator and beneficiaries parties defendant.

The complaint, alleging unsoundness of mind and undue execution as causes for contest, was an ordinary complaint

in such cases, setting forth the terms of the will, the names of the beneficiaries, and the interest devised and bequeathed to each.

The separate demurrer of each of the defendants to the complaint, for insufficiency of facts, was overruled, which ruling, under the view we have taken of the case, presents the only questions we are called upon to decide.

The demurrers present two controverted propositions: (1) Has a widow the right to join an heir in the prosecution of a suit to revoke the probate of her husband's will, which expressly provides that she shall have by its provisions all that portion of the estate to which she is entitled by virtue of the statutes of the state? (2) Is an action by one who has a right to bring it made demurrable for insufficiency of facts, by being joined by another who is shown by the complaint to have no interest in the subject-matter?

First: Our statute concerning wills provides: "Any person may contest the validity of any will, or resist the probate thereof, * * * and the executor, and all other persons beneficially interested therein shall be made defendants thereto." §3154 Burns 1908, §2596 R. S. 1881. But notwithstanding the broad language of the statute, it is held by this court that the language here employed must be limited by §251 Burns 1908, §251 R. S. 1881, which provides: "Every action must be prosecuted in the name of the real party in interest," except as to the persons specially named in the statute.

Back of this rule of construction is another rule of the court, referred to in the case of *Chicago, etc., R. Co.* v. *Summers* (1887), 113 Ind. 10, 15, 3 Am. St. 616, in these words: "It has often been held by this court, and correctly so, we think, that the modes of procedure and rules of practice prescribed by our civil code in civil actions are all applicable to a special statutory proceeding for the enforcement of private rights." Adhering to this

1. practice, it has uniformly been held in this State that the words "any person may contest the validity of any will" means any person interested in the will, or who will be affected by its probate. *Neiderhaus* v. *Heldt* (1867), 27 Ind. 480; *Schmidt* v. *Bomersbach* (1878), 64 Ind. 53, 55; *Kinnaman* v. *Kinnaman* (1880), 71 Ind. 417, 422; *Scott* v. *Farman* (1883), 89 Ind. 580; *McDonald* v. *McDonald* (1895), 142 Ind. 55, 66; *Campbell* v. *Fichter* (1907), 168 Ind. 645, 647.

It will be observed that a literal construction of §3154, *supra*, would permit a stranger to a will to maintain an action for its contest, and thus put it in the power of a mischief-maker to annul a will that was entirely satisfactory to the heirs and beneficiaries. This is absurd. So it should be considered settled that, under our statutes, none but persons who have a subsisting property interest of some kind, affected by the will, can maintain an action for its overthrow.

Second: Does the widow, plaintiff in this case, exhibit in the complaint an actionable interest in the subject-matter of the action? The complaint contains no copy of the will, and the averments concerning its contents affecting the widow are as follows: "Said pretended will, by its terms, and to the injury of these plaintiffs, and each of them, assumes to devise and bequeath the entire estate of said Frank H. Turner, deceased, to the following named persons, and substantially in the following manner: To the defendant, Cynthia L. Turner, all the real and personal property of said decedent of which he died seized, except that portion thereof to which his wife, Amanda F. Turner, is entitled, under the law of the State of Indiana. * * * To the plaintiff, Amanda F. Turner, that portion of the estate of said decedent, Frank H. Turner, which is allowed her under the statutes of the State of Indiana."

The instrument attempts to confer upon the widow exactly the interest bestowed by the statute. It expressly limits her portion to that granted a surviving widow by the laws

of the State, in the absence of a will. If the will stands, she will take precisely what she would receive by the statutes if the will should fail.

The rule applicable to such a case, as laid down by Chancellor Kent (4 Kent's Comm., *506), and quoted approvingly in the case of *Stillwell* v. *Knapper* (1880), 69 Ind. 558, 566, 35 Am. Rep. 240, is as follows: "A devise to the heir at law is void, if it gives precisely the same estate that the heir would take by descent if the particular devise to him was omitted out of the will. The title by descent has, in that case, precedence to the title by devise. The test of the rule, says Mr. Crosley, is to strike out of the will the particular devise to the heir, and then, if without that he would take by descent exactly the same estate which the devise purports to give him, he is in by descent and not by purchase."

It is said by Mitchell, J., in the case of *Robertson* v. *Robertson* (1889), 120 Ind. 333, 336: "The rule is that if without the devise or bequest the heir would take exactly the same estate or interest which the will purports to give him, he is to be considered as having taken by descent, and not by purchase, or under the will."

Again the rule is expressed by this court, in the case of *McClanahan* v. *Williams* (1893), 136 Ind. 30, 34, in these words: "When the same quality and quantity of estate is cast by devise that is secured by the law, the presumptions in favor of the law are so strong that it is held that the estate vests by descent and not by devise."

It seems to us that the widow occupies this situation. While it may be she does not technically take as heir to her husband, there is no such distinction between the manner of her taking and that of the heir as to affect the reason of the rule. Then, having no interest in the will, as shown by the complaint, what was the effect of her joining with the heir in an assault upon its probate?

It seems to be well settled in this jurisdiction that a complaint in the name of more than one person must show a good cause of action in all who join, or it will be good as to none. The holding is thus stated in the case of *Lake Erie, etc., R. Co.* v. *Priest* (1892), 131 Ind. 413, 416: "The rule is * * * that a complaint must be good as to all of the plaintiffs, or it is not good as to any, and if the facts pleaded show that one or more of the parties joined as plaintiffs have no interest in the controversy, a demurrer, on the ground that it does not state facts sufficient to constitute a good cause of action should be sustained." See, also, *Brunson* v. *Henry* (1894), 140 Ind. 455; *Sedwick* v. *Ritter* (1891), 128 Ind. 209; *Traders Ins. Co.* v. *Newman* (1889), 120 Ind. 554, 555; *Peters* v. *Guthrie* (1889), 119 Ind. 44, 46; *Holzman* v. *Hibben* (1885), 100 Ind. 338, 340; *Headrick* v. *Brattain* (1882), 83 Ind. 188, 190; *Harris* v. *Harris* (1878), 61 Ind. 117, 129; *Berkshire* v. *Shultz* (1865), 25 Ind. 523.

While the foregoing announces the general rule, there is a class of cases of equitable cognizance referred to in the case of *Doherty* v. *Holliday* (1894), 137 Ind. 282, which hold that persons having separate claims against a joint or common subject-matter may unite in an action to have their several rights defined. But we recall no case, except that a husband may join his wife in her suit for injuries to person or estate, which holds that persons having no right at all, joint or several, to an action, or subsisting interest in the subject of litigation, may unite, with those having such right, in the prosecution of a suit. Such a procedure would be a clear violation of the statute which requires all actions to be brought in the name of the real party in interest.

We think the complaint is bad, and that the court erred in overruling the demurrers thereto.

Other questions are presented, but as they are not likely to

arise again upon a retrial of the case, their consideration is deferred.

Judgment reversed and cause remanded, with instruction to sustain the demurrers to the complaint.