## BUCUR v. INLAND STEEL COMPANY.

[No. 13,010.   Filed November 2, 1927.   Rehearing denied January 25, 1928.]

MASTER AND SERVANT.—*Claimant for compensation under Workmen's Compensation Act must be "real party in interest."*— A claim for compensation under the Workmen's Compensation Act must be prosecuted by the real party in interest in accordance with the code provision as to parties, and the Industrial Board properly denied compensation where the application merely alleged that claimant "represented" the widow of a deceased employee, and there was no evidence that he was a trustee for the widow, but, so far as the evidence showed, he had merely assumed to act for her and in her behalf.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by George Bucur, alleged to be representing the interests of Anisia Boeriu, widow of Niculae Boeriu, de-

ceased employee of the Inland Steel Company. From an order of the Industrial Board denying compensation, the claimant appeals. *Affirmed.* By the court in banc.

*Ibach, Gavit, Stinson & Gavit* and *James M. Ogden*, for appellant.

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *James J. Clark*, for appellee.

REMY, J.—Niculae Boeriu lost his life as the result of an accident which arose out of and in the course of his employment by appellee. Thereafter, on behalf of the widow of Boeriu, appellant filed with the Industrial Board an application for compensation, the application being entitled: "George Bucur, representing the interests of Anisia Boeriu, the widow of the late Niculae Boeriu, deceased, vs. Inland Steel Company." A demurrer to the application on the ground of defect of parties was overruled, and the board, having heard the evidence, found that Bucur was not the real party in interest and made an order denying compensation.

The sole question presented by this appeal is whether the claim for compensation could be filed and prosecuted by Bucur on behalf of the widow, as the record shows it was done in this case. One of the exceptions to the general provision of the Code of Civil Procedure of this state (§§258 and 259 Burns 1926) requiring actions to be brought in the name of the real party in interest is that an action may be brought by the trustee of an express trust, and appellant contends that this case comes within the exception. We do not concur in that view. In the application, appellant does not aver that he was a trustee, and at the hearing there was no evidence that he was trustee for Anisia Boeriu; so far as the evidence is concerned, appellant merely assumed to act for and on her behalf.

The Industrial Board correctly held that the appellant was not the real party in interest. See *Campbell v. Fichter* (1907), 168 Ind. 645, 81 N. E. 661, 11 Ann. Cas. 1089; *Marion Bond Co. v. Mexican Coffee, etc., Co.* (1902), 160 Ind. 558, 65 N. E. 748.

Affirmed.