JUDGMENT.—NOTICE.—In a proceeding in the Court of Common Pleas of Brown county for the partition of land, the only notice of the pendency of the action was a publication in a newspaper that the plaintiffs, heirs of A. B., deceased, late of said county, had filed their petition for a partition of the land of the decedent' in said county, and that the petition would be heard at the next term of said court. The land was sold under a judgment rendered in the cause. In a collateral suit, where the validity of the judgment and proceedings was called in question,

Held, that the judgment was not void.

Held, also, that the parties to that suit were concluded by the record.

Held, also, that they could not object that one of the heirs had not been made a party to the suit.

SAME.—JURISDICTION.—Unless the acts of a superior tribunal are void on their face, they are valid without proof or averment of their validity In cases of domestic judgments of courts of general jurisdiction, where they come collaterally in question, jurisdiction of the person and of the subject matter, where the record discloses nothing on the point, will be presumed, in the absence of proof to the contrary.

APPEAL from the *Bartholomew* Circuit Court.

RAY, J.—This action was commenced in the *Bartholomew* Circuit Court by the appellees for the partition of real estate lying in *Brown* and *Bartholomew* counties. The complaint alleged that *Richards* claimed some interest in the premises, the nature of which was unknown to the complainants, and he was made a party defendant for the purpose of settling his interest and quieting the title of the complainants. The appellees claimed title to the premises as heirs at law of their father, who died seized in fee.

*Richards* set up, in the second paragraph of his answer, title in himself to the land in *Brown* county, under a proceeding for partition instituted in that county. The record of the proceedings filed with said paragraph showed that, after the usual steps had been taken, the land had been sold by a commissioner appointed by the court, and purchased by *Richards*. The proceedings in *Brown* county were instituted for the partition of the land in that county only, and

one of the heirs, who was a plaintiff in the court below in this suit, was not made a party plaintiff or defendant in said proceedings. A demurrer was filed to the second paragraph of the answer, which was alleged to be defective for three reasons: 1st. Because the notice of the pendency of the proceedings in *Brown* county was insufficient. 2d. Because the parties in the present suit were not the same as they were in the suit in *Brown* county. 3d. Because the subject matter of this suit was not the same as in the suit in *Brown* county, the land in *Bartholomew* not being described in the suit in *Brown*. The demurrer was sustained by the court below and upon that ruling error is assigned.

The notice in the proceedings in *Brown* county was as follows, viz:

"STATE OF INDIANA, BROWN COUNTY."

"Notice is hereby given that *Henry Weaver* and *Sarah Ann Weaver*, heirs of *David Waltz*, deceased, late of said county, have filed their petition for partition of the real estate of said decedent in said county, and that said petition will be heard at the next term of the Court of Common Pleas of said county. Dated *May* 10th, 1856."

(signed,) "WM. W. MASON, *Clerk C. C. P. Brown County*."

The statute provides that on the filing of a petition for the partition of lands, if any of the defendants are non-residents of the State, and such non residence be shown by affidavit, the clerk shall cause notice of the pendency of such petition to be given for three weeks successively in some newspaper printed in said county. The statute makes the publication a substitute for the summons, and the summons would contain the names of the parties to be served. The question then, is whether the omission in the notice of the names would render the action of the court void, or only erroneous, the case being within the scope of the statutes authorizing publication? In the case of *Hynes* v. *Oldham*, 3 Monroe R. 266, publication had been made, and the case was within the scope of the statute authorizing publication. The objection was that it did not appear that an

affidavit had been filed by the complainant that the particular names of the heirs were unknown to him before making the order of publication. It was decided that, though the omission might have been a cause of revision, or of reversal upon appeal, the decree was not therefore void.

Mr. Justice BALDWIN, in delivering the opinion of the Supreme Court of the *United States* in the case of *Hollingsworth* v. *Barbour et al.*, 4 Peters 466, uses this language: "Where there has been personal service of irregular or erroneous process, the party has notice in part, and may, if he will, appear and object to or waive the irregularity." Now, if the notice given in this suit had been served upon any of the heirs of *David Waltz*, deceased, late of the county of *Brown*, such heirs would have had actual notice that a petition for partition of the real estate of their ancestor in the county of *Brown* had been filed by *Henry* and *Sarah Weaver*, two of the other heirs, and that the petition would be heard at the next term of the Court of Common Pleas of said county. Upon their failure to appear, after personal service of such notice, the subsequent proceedings of the court, being a court of superior jurisdiction, would not have been void, though perhaps erroneous. Now, where publication has been authorized, the presumption is conclusive that it has been as effectual as service would have been, and if there be sufficient in the notice to inform the party of the nature of the proceedings, the interest he has in it, and the court where it will be heard, we may perhaps regard the subsequent proceedings of the court of superior jurisdiction in which the cause is tried as erroneous, but we cannot treat them as void.

The law is well established, "that, unless the acts of superior tribunals are void on their face, they are necessarily and essentially valid, without proof or averment of their validity." 1 Smith's Leading Cases, 823, 5th Am. ed. And "That where the record discloses nothing upon the point, jurisdiction of the person and of the subject matter will, the contrary not being proved, be presumed, in cases

of domestic judgments of courts of general jurisdiction, where they come collaterally in question." *Horner* v. *The Bank*, *infra*, and authorities cited.

The court, in the case in judgment, having jurisdiction of the subject matter, and having taken jurisdiction of the person of the heirs, and nothing appearing in the record from which we must find an absolute want of jurisdiction of their persons, we cannot, in a collateral proceeding, hold the decree of the court void.

In the case of *Thompson* v. *Hare et al.*, 8 Blackf., 336, where the administrator of an estate, during the term of court, filed an inventory and petition for the sale of real estate for the payment of debts, and the record recited that "the court, on motion, appointed a guardian *ad litem* for the heirs of the intestate, they being infants," it was held "that the order of sale was erroneous, but that it was not a nullity, and that the purchase under it was valid."

In the case of *Horner* v. *The State Bank*, 1 Ind. 132, decided a year later, this language is used: "The infants might have been in court in person at the time of the appointment of the guardian *ad litem*, if they were that was sufficient notice, and had the record simply recited that ' on motion,' without specifying on whose motion, a guardian *ad litem* was appointed, we have already decided that we would presume they were personally in court." *Thompson* v. *Hare*, *supra*. The record in this case recites that, "*Frederick T. Butler* is appointed guardian *ad litem* for the minor heirs herein, and he comes now and files his answer." This recital would indicate that the court, of its own motion, made the appointment, and the presumption that the infants were present in court is to be indulged in support of the ruling.

As to the objection taken that the answer is not sufficient because the parties to the suit in *Brown* county are not the same as those in the present suit, the answer is that the proceedings in *Brown* county are only relied upon as a defense to the title of the heirs who were parties to that

proceeding, and as to them it is conclusive. It would be unjust to hold that heirs might come into court and have an order of sale in partition and receive the proceeds, and afterward deny the validity of the proceedings between them and the purchaser, because they had not brought all the heirs into court. The failure to bring all the heirs into court resulted in the parties who were in court receiving more than they were entitled to, and in the purchaser, although paying for a perfect title, only receiving the interests of part of the heirs. The objection that the subject matter of the two suits is not the same, because the proceedings in *Brown* county did not include also the land in *Bartholomew* county, is not well taken, The proceedings, so far as *Richards* is interested, embrace the same subject matter. The complaint only charges that he claims an interest in the land in *Brown* county, and he answers only as to that interest. The demurrer should have been overruled.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

*J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellants.

*R. Hill*, for appellees.