Goar *et al. v.* Maranda *et. al.*

---

GOAR ET AL. *v.* MARANDA ET AL.

JUDGMENT.—*Can not be Attacked Collaterally.—Process.—Evidence.*—Though the record of a judgment offered as evidence in a cause fails to show that the judgment defendant had been served with summons, yet it can not be attacked collaterally.

From the Tipton Circuit Court.

*J. W. Robinson,* for appellants.

*J. Green, D. Waugh* and *J. Waugh,* for appellees.

BIDDLE, C. J.—George Maranda sued Matt F. Goar and seventy-nine others, members of The Union Draining Association, to hold them liable personally for the payment of a judgment which he had recovered against the association.

Judgment was rendered against the appellees upon trial.

We need not state the proceedings any more particularly, as the following are the only assignments of error:

" 1. The complaint is fatally defective, no copy of the articles of association being filed with the complaint, as therein alleged;

" 2. The court erred in defaulting the appellants without evidence of a summons issued and served.;

" 3. The court erred in rendering final judgment against appellants upon an insufficient complaint; and,

" 4. The complaint in the court below does not contain facts sufficient to constitute a cause of action."

The first, third and fourth assignments of error go to the sufficiency of the complaint, and the only objection alleged against it is, that a copy of the articles of associa-

tion, upon which the corporation was organized, was not filed with it as an exhibit. Without deciding that such an exhibit was necessary in a case of this kind, it is enough to say, that, although the transcript, when originally filed in this court, did not show such an exhibit, yet by a return to a *certiorari,* made by the clerk below, it appears that the articles of association were filed as an exhibit with the complaint.

The second assignment of error does not exist in the record, in point of fact. There was no judgment by default in this case. The appellees answered, and judgment was rendered against them upon trial. It appears, however, that the judgment before recovered by Maranda against The Union Draining Company, and made an exhibit in this case, was rendered upon a default; and, by the transcript of that record, it does not appear that the summons and service upon it were made a part of the record; but it does appear that the plaintiff therein proved "to the court that a summons, issued out of this court, in this case, was served on the defendants more than ten days before the first day of the present term of this court." From this judgment no appeal was taken.

Admitting that it was erroneous and might have been reversed, on appeal, yet it is not a nullity, and can not be attacked collaterally. *Evans* v. *Ashby,* 22 Ind. 15; *Waltz* v. *Borroway,* 25 Ind. 380; *Hawkins* v. *Hawkins' Adm'r,* 28 Ind. 66; *Comparet* v. *Hanna,* 34 Ind. 74; *Gavin* v. *Graydon,* 41 Ind. 559; *Britton* v. *The State, ex rel.,* etc., 54 Ind. 235.

We have thus disposed of all the assignments of error.

The judgment below is correct, and is therefore affirmed, with costs.