HYATT *v.* COCHRAN.

DEED.—*Destruction of Record by Fire.—Re-Recording.—Conveyance to Third Person, ad interim.—Evidence.—Recorder's Certificate of Recording.—Waiver.*—In an action to recover the possession of certain lands, the plaintiff's chain of title was based upon a deed duly executed by a certain grantor, to a certain grantee, in 1800, and recorded in 1810, the record of which was destroyed by fire in 1814, but which, pursuant to enabling acts of the Territorial Legislature giving parties the privilege so to do if they desired, was re-recorded in 1829. The defendant's chain of title was based upon deeds executed by the same 'grantor, to different grantees, in 1824 and 1827, respectively.

*Held,* that the title of the plaintiff must prevail.

*Held,* also, such first deed, with the recorder's certificate of the recording and re-recording thereof, having been admitted in evidence without objection, that no question arises as to the validity of such recorder's certificate.

JURISDICTION.—*Partition of Lands Lying in two Counties.*—Where an action for partition of lands lying in two counties was brought in the circuit court of either of such counties, that court had jurisdiction, notwithstanding the fact that the action was dismissed as to part of the lands lying in the county where suit was brought.

NEW TRIAL.—*Instructions.—Practice.*—A motion for a new trial, based on the giving of alleged erroneous instructions, must clearly designate the particular instructions complained of, or no question will arise under the motion.

From the Daviess Circuit Court.

*W. Armstrong, J. W. Burton* and *S. E. Kercheval,* for appellant.

*G. G. Reily,* for appellee.

BIDDLE, C. J.—Complaint, in the statutory form, by the appellee, against the appellant, to recover the possession of certain lands. Answer, general denial. Trial by jury; verdict for plaintiff; motion for a new trial overruled; judgment; appeal.

The only assignment of error in this court is, overruling the motion for a new trial. This brings before us all the questions presented by the causes assigned for the motion in the court below, which are as follows:

Hyatt *v.* Cochran.

1.   The verdict of the jury is not sustained by sufficient evidence ;

2.   The verdict is contrary to law ;

3.   "Error of law occurring at the trial, and excepted to by the defendant, in admitting in evidence the deed from Abraham Stealy to George S. Weaver, over the objections of the defendant ; and in admitting in evidence the record of partition from the Knox Circuit Court, in the case of Christian Abel and others *vs.* George S. Weaver; and refusing to give instructions asked for by the defendant as to the effect of the copy of the record of the deed from John Stealy, of Virginia, to John Stealy, of Pennsylvania; giving, over the objections of the defendant, instructions as to the effect of said copy of the record of said deed, to all of which the defendant excepted."

The line of title, as claimed by the appellee, is as follows :

The lands in controversy are a part of certain lands originally donated to Jacques Davis and Louis Metteyi, as heads of families, on the 12th day of May, 1800 Francis Vigo, claiming under Davis and Metteyi, but by what right does not appear, conveyed the lands to John Stealy, of Virginia. Vigo's title to the lands, under the act of Congress of March 3d, 1807, confirming claims to land in the district of Vincennes, was confirmed, and patents issued to him in 1851, for the same, by the United States.   The title in Francis Vigo, and in John Stealy, of Virginia, from Vigo, is not in dispute between the parties. On the 21st day of June, 1800, John Stealy, of Virginia, conveyed the lands to John Stealy, of Pennsylvania.   This conveyance was duly recorded in Knox County, on the 28th day of March, 1810.   In 1814 the records of Knox county, amongst which was the record of this deed, were destroyed by fire.

In pursuance of certain enabling acts passed by the Territorial Legislature, the same deed, on the 21st day of

May, 1829, was re-recorded amongst the deed records of Knox County.   Upon this conveyance from John Stealy, of Virginia, to John Stealy, of Pennsylvania, the line of title as claimed by the appellee depends.

The appellant's line of title is as follows :

On the 5th day of October, 1824, John Stealy, of Virginia, then of Jackson county, Indiana, conveyed a part of the lands in controversy to Rawley Scott; and on the 23d day of July, 1827, conveyed the remaining portion of the lands in controversy to John Howell.   Upon these two conveyances, the subsequent chain of title to the lands, in the appellant, depends.    This presents the question lying at the ground of the controversy, namely : Which of the deeds must prevail, the deed of John Stealy, of Virginia, to John Stealy, of Pennsylvania, or the subquent deeds of John Stealy, of Virginia, to Scott and Howell.    If the former deed prevails, and the proceedings in partition as to part of the lands in controversy are valid, the judgment should be affirmed ; otherwise it must be reversed.

There was no objection made to the introduction of the deed from Abraham Stealy to George S. Weaver, which is one of the links in the chain of appellee's title, as stated in the third cause for a new trial.    That question is therefore not before us.

The argument of the appellant is, briefly stated, that, as Scott and Howell took their title from John Stealy, of Virginia, after the record of the deed from him for the same lands, to John Stealy, of Pennsylvania, had been destroyed by fire, and before it was re-recorded under the enabling acts of the Territorial Legislature, therefore Scott and Howell were innocent purchasers without notice, there being no record of the deed in existence at the time they bought the land.    We do not see the question in that light.    The destruction of the record of the deed from John Stealy, of Virginia, to John Stealy, of Penn-

sylvania, did not destroy the validity of the title in the vendee, nor affect it in the least. The record of the deed remained, in contemplation of law, after it was thus destroyed, the same as it did before, the only difference being in the method of proving the record. The enabling acts did not require the vendee to have his deed re-recorded—it only enabled him to do so if he desired to—nor did they take away from him the right to prove the record of the deed by the common-law method of practice. To hold otherwise would be to divest the title of a vendee by the destruction of the record of his deed, whenever his vendor subsequently sold the same lands to another purchaser. John Stealy, of Pennsylvania, was guilty of no laches. He remained an innocent holder after the destruction of the record of his deed; and the title of an innocent holder can not be overthrown by the title of a subsequent purchaser, however innocent he may be, for the equity of the former is older than that of the latter.

The appellant seems to think that the validity of the deed from John Stealy, of Virginia, to John Stealy, of Pennsylvania, as to its being notice to subsequent purchasers, depends upon whether it was properly re-recorded under the enabling acts or not, but we have taken a different view of the question, and hence do not particularly examine the enabling acts, nor the manner in which the deed was re-recorded. He also insists, that, at the time the deed was first recorded, there was no law making the indorsement of the recorder upon the deed, that it had been recorded, evidence to prove the fact. It does not seem to us that this question is presented by the record. The deed, the certificate of the recorder that it had been recorded, and his certificate that it had been re-recorded, stating the dates, were all given in evidence, and read to the jury, without objection. The objections, therefore, to the competency of the recorder's certificates as evidence were waived; and, there being no evidence contra-

dicting the certificates, the jury could fairly find that the deed had been recorded and re-recorded, as therein stated. We need not, and therefore do not, decide that the certificate of the recorder would have been improperly admitted as evidence, even over due objection made.

The appellant also claims that the proceedings in partition, under which the appellee holds a part of the lands in controversy, are void for want of jurisdiction in the Knox Circuit Court over the subject-matter involved in the suit; that, although the court had jurisdiction over the subject-matter of the suit at the time it was commenced, a part of the land lying in Knox county, and a part in Daviess county, yet the plaintiff dismissed the case as to all the lands lying in Knox county; therefore the Knox Circuit Court had no jurisdiction over the remaining lands, lying in Daviess county.

We think in this the appellant is mistaken in point of fact. It does not appear to us that the plaintiff in the proceedings dismissed the case as to all the lands that were situated in Knox county. By reference to the complaint, the finding of the jury, and the decree of the court, it will be seen that a part of donation lot number 134, being also a part of the lands in controversy, was situated in Knox county; and that as to this part there was no dismissal of the proceedings. It therefore appears affirmatively that the court had jurisdiction over the subject-matter. It is very certain that it does not appear affirmatively that the court had not jurisdiction over the subject-matter. The Knox Circuit Court, being a court of general jurisdiction, the jurisdiction in any given case must be presumed unless it otherwise appears upon the face of the record. *Brownfield* v. *Weicht*, 9 Ind. 394; *Waltz* v. *Borroway*, 25 Ind. 380; *Hawkins* v. *Hawkins*, 28 Ind. 66; *Goar* v. *Maranda*, 57 Ind. 339; *Mills* v. *Kent*, 60 Ind. 226.

The proceedings in question are invulnerable to collat-

eral attack. The court did not err in admitting the record as evidence in the case.

We do not think any question is presented by the record as to the instructions given to the jury, or refused by the court. The assignment of the cause for a new trial, touching the instructions, is too indefinite to inform us which of the various instructions were complained of. Besides, the appellant has not discussed any of the instructions in his brief; we therefore do not state them. It might be added, also, that they seem to us to be in harmony with this opinion.

We have thus examined all the questions presented by the record, and find no error in the proceedings.

The judgment is affirmed, at the costs of the appellant.