DONNA J. STARK ET AL. V. J. A. CARROLL ET AL.

(Case No. 5366.)

1. PARTITION—JURISDICTION—PRACTICE—PARTIES—DISTRIBUTEES—CONTRIBUTION—In 1877 the tract in controversy, along with other lands of an estate, was partitioned among the heirs by an order of the county court. The plaintiffs in this suit were given more than their portion of this tract, the division being equalized in the partition of the remaining lands. A suit was instituted in the United States circuit court against all the heirs; part of them not being served, suit was dismissed as to them, and in 1878 a decree was rendered against the rest for one half of the tract and for partition, and the east half was vested in the plaintiff in that suit. In 1879 the same court issued execution against the same parties, one of whom was the administrator of a deceased heir, and another the guardian of minor heirs, for the costs of court, and the west half of the tract was sold to satisfy the execution. This suit was brought by two of the heirs not named in the execution, against those claiming under the execution sale, for the number of acres assigned them in the tract by the county court. *Held:*

(1) The rights of the plaintiff in the federal court were in no way affected by the partition proceedings in the county court, and he was still free to establish those rights in any court having jurisdiction of the parties and subject matter.

(2) The defendants in the federal court might have objected to that court's proceeding until all parties in interest were brought in, and in case judgment was rendered without their presence, might have revised it on appeal. (La Vega *v.* League, 64 Tex., 205; Ship Channel Co. *v.* Bruly, 45 Tex., 8.)

(3) No such objection having been made, the defendants in the federal court who were parties to the decree could not allege its invalidity in a collateral action. In this respect the decree in partition did not differ from any other, and was void only as to such of the part owners as were not made parties. (Authorities cited.)

(4) The administrator or guardian might have objected to the execution as void, because issued in part against the estates of deceased persons, but the other defendants in the federal court could not. They could only look to the estates jointly bound with them for the costs for contribution.

(5) Only the heirs represented by the guardian and administrator and those not named as defendants in the writ of execution could set up any right in the land as against the purchaser at the marshal's sale; he became a tenant in common with the owners whose titles had not been thus divested.

(6) Plaintiffs could demand contribution from their co-distributees, but could not, in an action to which those co-distributees were not parties, claim that their full quantum of land allowed in the partition of all the tracts, should be given them in this particular tract to the exclusion of other part owners.

(7) As plaintiffs showed no readjustment of the rights of the heirs in the land after a portion of it had been lost at law, the court could only allow them that portion of the tract which they would have been entitled to as heirs had no partition been made by the county court.

APPEAL from Denton. Tried below before the Hon. Wm. J. Austin, Special Judge.

This was an action of trespass to try title and for partition, brought by Donna J. Stark and John T. Stark, husband and wife, in the dis-

trict court of Denton county, Texas, on August 22, 1884, against J. A. Carroll and G. D. Briar, for recovery of one thousand four hundred and ninety-four and nineteen one-hundredth acres of land out of the Sarah Winfrey survey, in Denton county, Texas.

Plaintiffs alleged in their petition that Donna J. Stark was the owner in fee simple of one thousand three hundred and ninety-four and nineteen one-hundredth acres of the land, and that John T. Stark was the owner in fee simple of one hundred acres, and that the remainder, as well as part of the interest owned by plaintiffs, was claimed by defendants, and that the interest of each party was a joint interest, and in the usual form alleged a trespass on the part of defendants and prayed for the restitution of the land, partition, etc. The defendants severed and filed separate answers. The defendant, J. A. Carroll, pleaded, first, "general denial;" second, "not guilty;" third, "disclaimer as to the east half of the Sarah Winfrey survey;" fourth, "That he was the owner of all the west half (except an undivided one-fifth owned by Donna J. Stark and the interest of E. M. Holmes as the property of John T. Stark, to which he disclaimed) and deraigned title as follows: First, judgment rendered in the United States circuit court, at Galveston, on December 6, 1878, in the case of Burr and wife *v.* T. J. Smith et al., No. 1054; second, a final decree of partition in the case rendered April 18, 1879; third, execution issued under the judgment against the defendants for costs of suit on November 14, 1879, and a sale by the United States marshal thereunder to Carroll, Hogg and Jagoe; fourth, order perfecting decree as against plaintiffs, April 18, 1880; fifth, deed from Hogg to Carroll; sixth, deed from Jagoe to Carroll, by reason of which he claimed he was the owner of all the west half of the survey except three hundred and forty-seven acres owned by Donna J. Stark, and seventy acres owned by John T. Stark.

Defendant Briar pleaded "general denial, not guilty." That he was the owner of the east half of the Sarah Winfrey survey, and disclaimed as to the west half. The testimony of the plaintiffs showed that the Sarah Winfrey survey, of which the land sued for was a part, was patented to Samuel H. Smith on December 24, 1858. That Samuel H. Smith died intestate about 1862, (his wife, Jane E. Smith, dying about the same time) and left surviving him three sons and three daughters, of whom one son died without issue, leaving two sons and three daughters, viz.: Wm. Smith, Thos. Smith, Mary A. Holmes, Jane E. Snell and plaintiff, Donna J. Stark, the sole heirs of Samuel H. Smith. That Wm. Smith, Thomas J. Smith and Donna J. Stark were yet alive, while Jane E. Snell and Mary A. Holmes were dead. The former left surviving

her, three children, all of whom were minors, and the latter, seven children, of whom E. F. Holmes was one. In the latter part of the year 1876, letters of administration on the estate of Mary Holmes, deceased, were taken out by Thomas J. Smith, in the county court of Newton county, and the administration was still open and pending. At the July term, 1877, of the county court of Newton county, a decree was entered for the partition of the Sarah Winfrey survey among the joint owners thereof, the estate being one, by which decree the interest of plaintiff, Donna J. Stark in the Winfrey survey was established at one thousand three hundred and ninety-four and nineteen one-hundredth acres and the interest of Wm. Smith, Thomas J. Smith, estate of Jane E. Snell and the estate of Mary A. Holmes were established at five hundred and nineteen and nineteen one-hundredth acres each. The decree was made with the consent of all parties in interest, as its recitals showed, and a greater interest in the Sarah Winfrey survey was given to Donna J. Stark as a matter of convenience to the other heirs, others having received a greater interest in other lands. On April 7, 1881, E. F. Holmes sold and conveyed his undivided interest in the Winfrey survey to plaintiff, John T. Stark, the same being one-seventh of five hundred and nineteen and nineteen one-hundredth acres as established by the Newton county decree.

By the testimony of the defendants, it was shown that on December 6, 1878, the United States circuit court, at Galveston, in the case of G. B. Burr and wife v. T. J. Smith et als., No. 1054, rendered a judgment for the partition of the Sarah Winfrey survey, by which the interest of Burr and wife in the land was established at one-half thereof, and the other half decreed to belong to the defendants in the suit, and commissioners were appointed to make partition. The judgment recited that E. F. Martin and E. F. Holmes were not served, and suit was dismissed as to them, and the defendants named in the judgment were Thomas J. Smith, S. H. Martin, Thomas J. Smith, administrator of the estate of Mary Holmes, deceased, Adam H. Snell, guardian of the minors Florence, Jennie and Joy Snell, and the minors Thomas, William, Hampton, Mary and Catherine Holmes.

On April 18, 1879, the United States circuit court, at Galveston, rendered another decree in the case of Burr and wife v. Thomas J. Smith et al., No. 1054, by which the report of commissioners was approved, and the east half of the survey vested in Burr and wife, and the west half in the defendants in the suit, they being named as in the first judgment, and the defendants were taxed with all costs of suit. On November 14, 1879, an execution in the same case was issued against the defendants named in the judgment, for costs of court, and,

on December 1, 1879, the same was by the United States marshal levied on the west half of the Winfrey survey, as the property of the defendants named in the judgment, and on the first Tuesday in January, 1880, the premises were sold by the United States marshal under the execution, to defendants, J. A. Carroll, Thomas E. Hogg and J. W. Jagoe.

Afterward, on September 4, 1880, the plaintiffs in the case of Burr and wife *v.* Thomas J. Smith et al., No. 1054, filed a motion in the United States circuit court to correct the judgment and make the same operate as well against Donna J. and John T. Stark as against the other defendants, from which motion it appeared that he was named "Thomas T. Stark," in plaintiff's declaration or petition, and judgment by default was rendered with service on John T. Stark, and on December 21, 1880, the motion was sustained and judgment rendered against Stark and wife *nunc pro tunc.* The defendant, Carroll, on February 20, 1883, purchased the interest of J. W. Jagoe, and on April 12, purchased from Ann E. Hogg the interest of T. E. Hogg, she having the authority to convey.

On March 14, 1883, G. B. Burr and wife, by J. A. Carroll, their attorney in fact, conveyed the east half of the Sarah Winfrey survey to the defendant, G. D. Briar. The case was submitted to the court without a jury. On the trial the plaintiffs objected to the introduction of the execution issued out of the United States court, in the case of Burr and wife *v.* T. J. Smith et al., and the marshal's deed thereunder, and the objections were overruled by the court. The court rendered judgment in favor of defendant, G. D. Briar, that plaintiffs take nothing as against him, and for costs, that plaintiffs and defendant J. A. Carroll were joint owners of the west half of the Sarah Winfrey survey, that the interest of plaintiff, Donna J. Stark, was one-fifth, or three hundred and forty-eight and three-fifth acres, that of John T. Stark seventy acres, and that of J. A. Carroll one thousand three hundred and twenty-four and two-fifth acres; that the land be partitioned; and appointed commissioners to make partition.

*Owsley & Walker*, for appellants, cited: R. S., Arts. 2029, 2037; Porter *v.* Sweeney, 61 Tex., 215; Lewis *v.* Nichols, 38 Tex., 60; Turner *v.* Smith, 9 Tex., 628; Wilcox *v.* State, 24 Tex., 547; Bason *v.* Hughart, 2 Tex., 478; Hart *v.* McDade, 61 Tex., 212; Kendrick *v.* Rice, 16 Tex., 260; Shaw *v.* Ellison, 24 Tex., 198; Carroll *v.* Carroll, 20 Tex., 747; Hogue *v.* Sims, 9 Tex., 546; R. S., Art. 2645; Edwards *v.* Norton, 55 Tex., 410; Hendrick *v.* Snediker, 30 Tex., 296; R. S., Arts. 2122,

2132; Mills *v.* Herndon, 60 Tex., 360; Davis *v.* Wells, 37 Tex., 609; Shield *v.* Hunt, 45 Tex., 426.

*J. A. Carroll,* for appellees.

WILLIE, CHIEF JUSTICE. — A reversal of the judgment below is sought by the appellants upon three assignments of error only. The first of these questions the validity of the execution from the United States court, for the reason that it was issued against the estates of deceased persons; the second attacks the marshal's deed because executed in pursuance of a levy and sale made under an execution issued against the estates of deceased persons; and the third complains of the judgment below because it did not decree to Donna J. Stark fourteen hundred and sixty-eight acres of land instead of three hundred and forty-eight and three-fifths acres, and to John T. Stark, seventy-four and seventeen-hundredths instead of seventy acres.

In none of these assignments, or the propositions made under them, is the validity of the decree of the United States court attacked. It is not claimed that it did not vest in Burr, under whom Briar claims, the east half of the Winfrey tract. Indeed, there is no objection raised in this court to the judgment below so far as it is rendered in favor of Briar for the east half of the tract. The complaint is that for the reasons set forth in the assignments of error, Donna J. Stark and J. T. Stark (the latter as vendee of E. F. Holmes) should have recovered out of the west half of the tract the same amount of land that was decreed to the former and to E. F. Holmes out of the whole tract in the partition made by the county court of Newton county. There is a written argument found with the transcript which questions the jurisdiction of the United States court, to render the decree which it did in the suit of Burr *v.* Heirs of Smith, but as this argument has no foundation in any assignment of error, it need not be noticed.

It may be proper, however, to say, in order to put the question at rest, that Burr's rights in the Winfrey tract were not in the least affected by the partition proceedings in Newton county. He was left free to establish those rights in any court having jurisdiction of the parties and the subject matter. There is no principle of law which requires a person having an interest in land the subject of partition in a suit between other parties, and to which he is not a party, to intervene in the proceeding, and claim his rights, or become debarred of the privilege of bringing suit in another forum to assert them.

When Burr resorted to the federal court it was of course his duty to make all persons having an interest in the land parties to the suit.

Upon failure to do this the defendants might have objected to the courts proceeding with the cause until all parties at interest were brought in, and in case judgment was rendered without their presence might have revised it upon appeal. La Vega *v.* League, 64 Tex., 205; Ship Channel Co. *v.* Bruly, 45 Tex., 8; Waltz *v.* Borroway, 25 Ind., 380; Snevily *v.* Wagner, 8 Penn. St., 296; Freeman on Cont. and Part., sec. 528.

But the suit having proceeded to judgment without any such objections, and no appeal having been taken, it was too late for those defendants who were parties to the decree, to allege its invalidity in a collateral action. In this respect a decree in partition does not differ from any other. The present one was void only as to such of the part owners of the Winfrey tract as were not made parties to the partition suit.

E. F. Holmes was not a party to the suit, but Mrs. Stark and her husband were, and were included in the decree (from which they were by a clerical error originally omitted) by a proceeding not questioned here by any assignment of error. Mrs. Stark cannot therefore question in this suit the validity of that decree so far as she is concerned, and Stark cannot do so except in so far as he has succeeded to the interest of E. F. Holmes.

But, as has been seen, the assignments of error do not complain of the judgment of the United States court, nor of the judgment of the court below in this case so far as it decreed a recovery by Briar, the vendee of Burr, of the east half of the Winfrey tract. Yet all the evidence of Burr's title introduced in the trial was the decree of the United States court, and this was admitted without objection. The only questions for our consideration, then, are: 1. Were the execution, levy, and marshal's sale, under which Carroll claimed, void, so as to form no basis for his title. 2. Did the court below decree to Mrs. Stark and her husband all the land they were entitled to in case the execution sale under which Carroll claimed was valid.

It is claimed that the execution was void because it was issued in part against estates of deceased persons. The administrator or guardian, or the heirs or wards represented by them, might have raised this objection, but it cannot come from the defendants against whom the execution was properly issued. They were in the same position and had the same rights and remedies as if the writ had been issued against them alone. In case of its satisfaction by them, they should look to the estates jointly bound with them for the costs for contribution. The execution and sale being valid, so far as the interests of all the defendants in execution were concerned, except such as were repre-

sented only by an administrator and a guardian, these latter and such as were not named at all as defendants in the writ, were all who could set up any right in the land sold as against the purchasers at marshal's sale.    Carroll was not a naked trespasser, but held, under a valid execution sale, the interests of all parties whose titles in the land could be divested by that sale; and he was a tenant in common to the extent of those interests with the other owners of the land whose titles had not been thus divested.    E. F. Holmes' interest was not divested by the marshal's sale, for he was a party to neither the judgment in the federal court nor to the execution.

The interest of Mrs Stark did not pass by the marshal's deed, because she was not a party against whom the execution issued.    In this suit, which was brought by the respective owners of these two interests, they could recover the amounts of land to which they were entitled as heirs of Samuel H. Smith, and no more.    Their rights and that of Carroll in the west half of the Winfrey tract were unaffected by the decree made in the county court of Newton county.    That decree partitioned the entire Winfrey tract, together with other parcels of land, among the heirs of Smith.    It determined that if the estate of Smith owned all the land partitioned, Mrs. Stark was entitled to one thousand three hundred and ninety-four and nineteen one-hundredth acres, and the estate of Mrs. Holmes five hundred and nineteen and sixty-nine one-hundredth acres of the entire Winfrey tract, which would have made E. F. Holmes' interest about seventy-four and one-seventh acres.    It did not determine that these parties, or either of them, were entitled to these amounts of land out of the west half of the Winfrey tract; neither did it determine that they were to receive these respective quantities out of the tract in case the whole or any portion of it, or any of the other tracts partitioned should be lost by reason of a worthless title.    As each part owner after partition has the title to his property warranted to him by all the other part owners, his remedy, in case of failure of his title to any portion of the land, is by seeking contribution out of the shares of his warrantors.    James v. Adams, 24 Tex., 193.

He certainly cannot, in an action to which they are not parties, claim that his full quantum of land, allowed in a partition of a number of tracts, shall be given him from any particular parcel to the exclusion of other part onwers holding interests in the same tract.  Besides Mrs. Stark and E. F. Holmes, there were a large number of other heirs, who received portions of the Winfrey land in the Newton county partition.    The joint interest of these amounted to some nineteen. hundred and eighty acres; yet the proposition of the defendants below was to take from

the west half of the tract, the only portion to which the estate of Smith had title, the fourteen hundred and seventy acres to which they were jointly entitled, and leave the balance of less than three hundred acres to satisfy the nineteen hundred and eighty acres belonging to their co-owners. Nothing, certainly, could be more unreasonable. Mrs. Stark and E. F. Holmes were as much the warrantors of the other co-owners of the Winfrey tract as were these latter warrantors of the title of Mrs. Stark and Holmes. Yet, if these appellants are allowed to recover the judgment claimed by them in their third assignment of error, they themselves dispossess the parties whose title they have covenanted to defend.

Had Mrs. Stark and Holmes proceeded against the other parties to the Newton county partition for contribution, and obtained a judgment before the land had been sold at execution, fixing the amount of land which they should receive out of the west half of the Winfrey tract, the court in this case would have decreed them that amount as against the appellee. But it could not, without some such readjustment of the rights of all the heirs of Smith in and to the land of his estate, declare that, since that partition could no longer be held binding upon the parties thereto, another division of one of the several tracts included in it should be made in the absence of a large number of the persons interested therein.

As the court could not make any new partition of the half tract upon the same basis with that made of the whole by the county court of Newton county, and could not enforce the latter, the appellants cannot complain that they were allowed to recover what they were entitled to as distributees of the Smith estate, without regard to any previous partition. It was incumbent on them, as plaintiffs, to show by satisfactory proof, their interest in the west half of the Winfrey grant. The Newton county partition did not show it. The plaintiffs did not prove any new partition, or readjustment of the rights of the heirs of Smith in the land since a portion of it had been lost at law. They did show that Mrs. Stark and Holmes were distributees of the Smith estate. The best the court could do for them, therefore, was to allow them, out of the west half of the Winfrey grant the proportion to which these heirs of Smith would have been entitled had the partition never been made by the county court of Newton county. The defendants below conceded to them this quantity of land, and we can see no error in the court's decreeing them that amount, and no more.

The judgment is affirmed.

                                                        AFFIRMED.

[Opinion delivered June 1, 1886.]