## STATE MORTGAGE CORPORATION v. GARDEN et al.   (No. 8067.)

Court of Civil Appeals of Texas.   San Antonio.
Nov. 7, 1928.

Thomson, Dilworth & Marshall, of San Antonio, for plaintiff in error.

Seeligson & Seeligson, of San Antonio, for defendants in error.

FLY, C. J.   Carrie Garden, joined by her husband H. W. Garden, brought this suit to set aside and annul a certain judgment in a cause styled State of Texas v. Carrie Garden and Ella Nora Schauer, in which the plaintiff obtained a judgment for taxes in the sum of $23.08, and a foreclosure of a tax lien on certain lots of land in the city of San Antonio. It was further alleged that a sale was had under the judgment and the State Mortgage Company purchased the same for $230. It was further alleged that the only parties cited in the cause were the said Carrie Garden and Ella Nora Schauer, and that J. H. Kirkpatrick had a lien on the property when the tax suit was filed but was not made a party, and that is the only ground on which cancellation of the judgment was sought. The cause was heard by the court and judgment rendered canceling the former judgment, that the deed thereunder be set aside and held invalid, and that all title to the lots be divested out of the State Mortgage Corporation and reinvested in Mrs. Carrie Garden.

There is no statement of facts, and it is admitted that all the facts have been set out in findings of fact of the trial judge. The findings show that on and prior to July 30, 1925, Carrie Garden was the owner, as shown by .the records, of lots 11, 12, 13, 14, 65, 66, 67, and 68 in block 12, new city block of San Antonio, and that the same were incumbered with a vendor's lien for $3,500, of date May 28, 1916, held by J. H. Kirkpatrick, the deed showing the lien being recorded in deed records for Bexar county, Tex., that on July 30, 1925, when the lien was in full force and effect, the state of Texas filed its suit for taxes and penalties against Carrie Garden and Ella Nora Schauer, and sought the foreclosure of its tax lien. The two defendants were duly cited, but made default, and on January 15, 1926, judgment was rendered by the district court for the taxes, interest, penalties, and costs, and the lien foreclosed on the lots. Under a legal order of sale the land was duly sold and bought by the State Mortgage Corporation on February, 4, 1926. Kirkpatrick, the lienholder,

was not made a party to the suit, although his debt was unpaid and his lien in full force and effect when the suit was instituted. The note was afterwards paid and the lien discharged by Carrie Garden. She at no time before her suit made a tender to the Mortgage Corporation. When the present suit for cancellation was brought Kirkpatrick had no interest in the property as a lienholder or otherwise. The trial judge held that the judgment assailed in this suit was not void but merely voidable.

The view of the court that the judgment was not void but only voidable is different from the view of defendants in error in their pleadings wherein it is insisted that the judgment was void, because Kirkpatrick was not made a party; and that position is tenaciously held in the brief of defendants in error. If the judgment was only voidable, as held by the trial judge, which is thought to be the true view by this court, then it would seem clear that no one could seek to destroy the judgment except a party who may have sustained injury by reason that all parties at interest were not before the court. The defendants in the original suit could not have been injured, and do not claim to have been injured, by the failure of the original plaintiff to make J. H. Kirkpatrick a party to the suit. If the judgment was merely voidable this is not a direct assault upon the judgment, but a collateral attack. It is too well established to require the citation of authorities that the judgment of a court of competent jurisdiction cannot be attacked collaterally. A judgment is presumed to be correct on collateral attack if the court had jurisdiction of the subject-matter. Williams v. Steele, 101 Tex. 382, 108 S. W. 155. The rule as to collateral attack applies to every judgment not absolutely void. Gillenwaters v. Scott, 62 Tex. 670; Alston v. Emmerson, 83 Tex. 231, 18 S. W. 566, 29 Am. St. Rep. 639.

Plaintiff in his petition should make all persons interested in the subject-matter parties to the suit, but a failure to do so does not render the judgment void so as to open it up to collateral attack. Stark v. Carroll, 66 Tex. 393, 1 S. W. 188. No decision has been cited and we find no authority to the effect that a failure to have all parties interested before the court will render a judgment void.

An attack on a judgment is collateral when all the parties to the judgment are not made parties in the suit assailing the judgment. It is held in an attack on a voidable judgment, where all the parties to it are not before the court, that it is a collateral attack and the suit will not be entertained. Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347. In the case last cited there is a full discussion of the distinction between void and voidable judgments. That decision has never been questioned.

The law requires in all other cases, as well as tax cases, that all interested parties shall be brought into any suits that may be filed, and if failure to have all those interested made parties does not render judgments void in other cases it would not render them void in suits for taxes. Houssels v. Taylor, 24 Tex. Civ. App. 72, 58 S. W. 190.

The matters involved in this suit are clearly discussed and satisfactorily disposed of in the case of Adams v. West Lumber Co. (Tex. Civ. App.) 162 S. W. 974. That was a tax case, and, discussing the question of parties in such cases, the court at Texarkana, through Associate Justice Hodges, held:

"Article 5232g of the Revised Statutes of 1895 requires that 'the proper persons shall be made parties defendant in such suits and shall be served with process and other proceedings had therein as provided by law for suits of like character in the district courts of this State.' These provisions add nothing to the general rules of law to be observed in the making of parties in litigation where property rights are to be disposed of and settled. If the proceeding is one in which a valid judgment may be rendered in the absence of some of the necessary parties, those who are parties are bound while those who are not parties are not bound by the judgment rendered. In suits for the collection of delinquent taxes, the proceeding is an action in rem against the property only. Stone v. Tilley, 100 Tex. 487, 101 S. W. 201, 10 L. R. A. (N. S.) 678, 123 Am. St. Rep. 819, 15 Ann. Cas. 524. We see no good reason for holding that a judgment rendered in such a suit where all the parties in interest are not joined is not good as to those who are joined. While it is true that the law contemplates that all those who own an interest in the land shall be made parties, that requirement is exacted merely for the purpose of concluding by one judgment all those who have any interest. It is not prescribed as a necessary condition to the rendition of a valid judgment. In any event, and as to any of the part owners who may be sued, the result is the same as in any other suits to foreclose liens where different parties have an interest in the subject-matter of the litigation."

The failure to join Kirkpatrick, the lienholder, in this case did not in any manner affect any interest held by Mrs. Garden and could not, and did not, increase or diminish her liability for the taxes. The right of Kirkpatrick to be made a party to the suit before he could be bound by it is not her right, and she has no authority to ask a cancellation of a judgment because he may have had some possible interest in her land. She had the opportunity to appear in the suit and have Kirkpatrick made a party but she did not choose to do that, but allowed a judgment by default against her for the taxes, and then seemingly to make the judgment unassailable, paid off her indebtedness to the lienholder.

The sole ground on which a cancellation of the judgment and deed was sought in the petition was the failure to make Kirkpatrick a party, and there was no plea of payment

of the taxes; the only reference to any payment being:

"By way of explanation as to why the above judgment was rendered against Carrie Garden and Ella Nora Schauer in said cause No. A–38221, plaintiffs would show that prior to the rendition of judgment in said cause, the amount of delinquent taxes on said above described property was paid to the tax collector of Bexar County, Texas, and through some error, said money so paid to the tax collector of Bexar County, Texas, was applied in payment on delinquent taxes due on property other than the hereinabove described property."

The findings of the court show that Mrs. Schauer is the mother of Mrs. Garden, and that several days before the judgment was rendered, in January, 1926, Mrs. Schauer gave a check for taxes to her attorney to be paid on the property involved herein and he paid it, and a receipt was received by him which showed that the proceeds of the check had been applied on the taxes due by Mrs. Schauer on other property. The payment was not called by the attorney to the attention of the court in the suit pending, but he based his suit for cancellation on failure to make Kirkpatrick a party. The court held:

"That the said Carrie Garden is in law entitled to have the judgment in said tax suit set aside and to recover the title and possession of said property as decreed."

The reason leading up to that recital is that "Kirkpatrick was a necessary party thereto and that failure to make him a party rendered the judgment in said suit voidable upon the suit of the plaintiff, Carrie Garden." So with only one party to the tax suit, one of the defendants, a judgment declared to be only voidable was set aside.

The trial in the tax suit was begun on January 12, 1926, and seven months or more afterwards the present suit was instituted, and no offer was made to pay the taxes or refund the money paid at the sale. Such tender was made in a supplemental petition, filed on June 11, 1927. There was never any plea of payment of the taxes by Carrie Garden or any one else, due on the lots in question. Mrs. Garden was duly cited, knew all about the suit, and it appears had an attorney employed, but no answer was filed, judgment by default was permitted, for which no excuse is offered, and the land was sold and purchased by appellant.

Mrs. Garden did not file a motion for new trial in the tax suit, and did not seek by a bill of review to have the judgment set aside. She pleaded no equities, unless it be an equity without pleading or evidence to justify it, to show that a citizen bought land at a tax sale for less than its full value. No offer was made to redeem the land as provided in the statute. The suit was filed six months before the judgment was rendered, and every opportunity to pay the taxes and set up payment in an answer was given. Nothing was done, and there is no allegation of fraud or any other fact to justify the laches of the owner of the land.

The judgment will be reversed, and judgment here rendered that appellees take nothing by their suit and pay all costs of suit.