**WEBER v. PAGE et al.**
No. 3897.

Court of Civil Appeals of Texas. Texarkana.
April 9, 1931.

Rehearing Denied April 16, 1931.

Bishop & Holland, of Athens, for appellant.

Wynne & Wynne, of Athens, for appellees.

WILLSON, C. J. (after stating the case as above).

Appellant insists it appeared that Elizabeth Page and appellees Stella Hare, C. C. Hare, Homer Page, Orbon Page, Eva Fowler. S. W. Fowler, and Gordon Page, parties to the partition suit referred to in the statement above, owned undivided interests in the land in controversy, that title to the interests they owned passed to Frank Nelson by force of the receiver's deed referred to in said statement, and that the title so acquired by Nelson passed to him (appellant) by force of the substitute trustee's deed referred to in said statement. Appellant insists, further, that the court below therefore erred when it rendered judgment in appellees' favor against him for all the land in controversy.

We agree it appeared that Elizabeth Page and the appellees just named above owned undivided interests in the land, and agree the judgment was erroneous as claimed, if it appeared further that appellant had acquired, or that said Elizabeth Page and said named appellees were estopped from asserting he

**834**

had not acquired, title to said undivided interests.

Arguing in support of the judgment before us for review, appellees insist the judgment in the partition suit was void because all the owners of undivided parts of the land were not parties to the suit in which it was rendered, and cite, as supporting their argument, Buffalo Bayou Ship Channel Co. v. Bruly, 45 Tex. 6, and cases like it, holding that on appeal a judgment in a partition suit should be reversed when it appears that all the owners of the property were not parties to the suit. "No final and binding decree of partition," said the court in the Bruly Case, "can be made, even as between the parties before the court," if other persons not parties to the suit own an interest in the estate.

The attack in the Bruly Case was a direct one by appeal from the judgment in a partition suit, and the holding was undoubtedly correct as applied to the case before the court. If the court meant to say, and appellant interprets the language used as meaning it did, that in a collateral attack, as this one is, such a judgment should be treated as void, not only as to owners not parties to it, but also as to owners who were parties to it, the holding should be viewed as dictum merely; especially so, since it has been held in other cases that such a judgment is not void as to the parties to it, but instead is binding on them. Stark v. Carroll, 66 Tex. 393, 1 S. W. 188, 189; Hall v. Reese's Heirs, 24 Tex. Civ. App. 221, 58 S. W. 974; Richardson v. Trout (Tex. Civ. App.) 135 S. W. 677; State Mortg. Corp. v. Garden (Tex. Civ. App.) 11 S.W.(2d) 212, 213. In the case first cited, the attack, as here, was collateral, and the Supreme Court, after saying that in the suit in which the judgment attacked was rendered objection might have been made "to the court's proceeding with the cause till all parties at interest were brought in, and, in case judgment was rendered without their presence, might have reversed it upon appeal," added:

"But the suit having proceeded to judgment without any such objections, and no appeal having been taken, it was too late for those defendants, who were parties to the decree, to allege its invalidity in a collateral action. In this respect a decree in partition does not differ from any other. Waltz v. Borroway, 25 Ind. 380; Snevily v. Wagner, 8 Pa. 396; Freem. Co-tenancy, § 528. The present one was void only as to such of the part owners of the Winfrey tract as were not made parties to the partition suit."

And in the case (State Mortg. Corp. v. Garden) last cited the Court of Civil Appeals said a "plaintiff in his petition should make all persons interested in the subject-matter

parties to the suit, but a failure to do so does not render the judgment void so as to open it up to collateral attack."

We think the recovery should have been by appellees W. I. Page, J. W. Page, Minnie Esthridge, John Esthridge, W. L. Page, G. F. Page, and Henry H. Page alone and only of the undivided interest (3234/9216, it seems), owned by them. Therefore the judgment will be reversed so far as it was in favor of appellees Stella Hare, C. C. Hare, Homer Page, Orbon Page, Eva Fowler, S. W. Fowler and Gordon Page, and judgment will be rendered that they take nothing by their suit, and it will be reformed so as to adjudge to appellees W. I. Page, J. W. Page, Minnie Esthridge, John Esthridge, W. L. Page, G. F. Page, and Henry H. Page a recovery only of said 3234/9216 undivided interest owned by them in the land sued for.